Gerald **ADAMIETZ**, Appellant,

v.

James G. **SMITH**, Postmaster, Pittsburgh, Pa.

No. 12976.

United States Court of Appeals Third Circuit.

Argued Dec. 11, 1959.

Decided Jan. 8, 1960.

---

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

Seymour Farber, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., Hubert I. Teitelbaum, U. S. Atty., Pittsburgh, Pa., Samuel D. Slade, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before KALODNER, STALEY and HASTIE, Circuit Judges.

STALEY, Circuit Judge.

This appeal raises the question whether the members of the Civil Service Commission are indispensable parties to an action by a discharged postal employee for reinstatement following dismissal by the local postmaster and affirmance of the dismissal by the Civil Service Commission.

Appellant, who has veteran's preference status, was employed as a substitute mail handler at the post office in Pittsburgh, Pennsylvania. The Pittsburgh police arrested him on October 27, 1954, on a charge of "public indecency." Appellee, James C. Smith, Postmaster, Pittsburgh, Pennsylvania, furnished appellant with a statement of charges against him on November 1, 1954, and again on December 2, 1954. Thereafter, on December 9, 1954, appellee removed plaintiff from his position. Appellant appealed his dismissal to the United States Civil Service Commission (Commission) and requested a hearing which was had on March 4, 1955. The removal was found to be justified "for such cause as will promote the efficiency of the service" by the Regional Director of the Third Civil Service Region on April 5, 1955. This decision was affirmed by the Board of Appeals and Review of the Civil Service Commission on August 8, 1955.

Following his arrest by the local police, appellant was indicted on two charges of public indecency and after trial was found not guilty on December 7, 1955. Thereafter, appellant petitioned the Commission to reopen and reconsider his appeal. On July 10, 1957, the Commission sustained appellant's dismissal.

Suit was then instituted against the appellee herein in the District Court for the Western District of Pennsylvania on October 22, 1958. The complaint, as amended, alleged that the Commission failed to accord full faith and credit to the judgment of the criminal court and that the actions of appellee, postal officials, and the Commission violated appellant's rights to due process and a fair hearing under the Fifth Amendment to the United States Constitution. The following relief was requested:

"a. For a preliminary injunction to be made final after hearing, enjoining and restraining the defendant and all other persons acting in concert with him from continuing to carry into effect the illegal order of the Civil Service Commission affirming plaintiff's dismissal from his position.

"b. For a declaratory judgment in favor of the plaintiff and adjudi-

cating his right in the matter and declaring the proceedings before the Commission and the action of the defendant and the Post Office Department, hereinabove referred to, as illegal and void and annulling the said order of affirmance.

"c. For a hearing at which testimony will be taken at which the defendant should be required to produce witnesses to substantiate the charges made by him against the plaintiff, in view of plaintiff's acquittal and strong protestations of innocence.

"d. For a declaratory judgment and order declaring the said regulations of the Commission null and void as being in violation of the due process clause of the 5th Amendment and of the 6th Amendment of the Constitution and in violation of 5 U.S.C.A. §§ 652 and 863, or, if deemed consistent with said statutes, then for an order declaring said statutes on their face and as construed and applied in violation of the due process clause of the 5th Amendment, and, further, for an order directing defendant to cease and desist from continuing plaintiff's separation from his employment and position, and for a hearing on the issue of laches raised by defendant.

"e. For such other and appropriate relief as this Court may direct."

The district court dismissed the suit for lack of jurisdiction, holding that the individual members of the Commission were indispensable parties to the proceedings. As an additional ground for dismissal, the district court held that it lacked jurisdiction by way of mandamus to effect the relief requested. Inasmuch as we are convinced that the action of the district court must be sustained on the former ground, i. e., failure to join indispensable parties, we need not consider the latter question.

In dismissing the action, the district court relied upon Blackmar v. Guerre, 1952, 342 U.S. 512, 72 S.Ct. 410, 96 L.

Ed. 534, a strikingly similar case, in which the Supreme Court held that the members of the Commission were indispensable parties to an action to annul a discharge and the action of the Commission confirming it. The appellant here maintains that the Blackmar case is no longer the law and has been effectively overruled, albeit *sub silentio,* by Shaughnessy v. Pedreiro, 1955, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868 and Ceballos v. Shaughnessy, 1957, 352 U.S. 599, 77 S.Ct. 545, 1 L.Ed.2d 583.

A careful reading of these cases convinces us that rather than overruling the decision in Blackmar, they reinforce the logic of that opinion. Even the appellant recognizes that they stand for the proposition that the question of indispensability of parties is dependent not on the nature of the decision attacked but on the ability and authority of the defendant before the court to effectuate the relief which the party seeks. Similarly, in Williams v. Fanning, 1947, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95, it was held that the Postmaster General was not an indispensable party to a suit to enjoin a local postmaster from carrying out a fraud order. The test there stated is whether "the decree which is entered will effectively grant the relief desired by expending itself on the subordinate official who is before the court." Id., 332 U.S. at page 494, 68 S.Ct. at page 189.

Even a cursory reading of appellant's prayer for relief indicates that the appellee herein is neither able nor authorized to grant all the relief the appellant seeks. This is particularly clear as regards that portion of the prayer which seeks a rehearing under rules other than those presently established by the Commission. Moreover, the appellee is not even in a position to reinstate the appellant in the face of a contrary holding by the Commission. The very statute under which appellant grounded his appeal to the Civil Service Commission makes binding upon appellee its rulings. § 14, Veterans' Preference Act of 1944, 5 U.S.C.A. § 863; also see 5 U.S.C.A. § 868.

Thus, in the instant case appellant seeks action of the appellee that is beyond his power to grant. The Commission is the only agency that can grant the relief desired by appellant, i. e., revised rules of procedure for civil service hearings and reinstatement to position. In fact, it is worthy of note that the authority of appellee to initially remove the appellant has never been called into question. What has been attacked is the procedure afforded appellant by the Commission on review.

The judgment of the district court will be affirmed.