**Ola M. WHITING et vir, Appellant,**

v.

**Ellis CAMPBELL, Jr., District Director of Internal Revenue Service, Appellee.**

**No. 17972.**

United States Court of Appeals
Fifth Circuit.

March 14, 1960.

Rehearing Denied April 13, 1960.

William F. Billings, James P. Donovan, Dallas, Tex., Billings & Donovan, Dallas, Tex., for appellant.

William N. Hamilton, Asst. U. S. Atty., Dallas, Tex., W. B. West, III, U. S. Atty., Fort Worth, Tex., for appellee.

Before RIVES, Chief Judge, and CAMERON and WISDOM, Circuit Judges.

RIVES, Chief Judge.

Ola M. Whiting, joined by her husband, brought this action to test the validity of her removal without pay from the classified civil service purportedly under the provisions of 5 U.S.C.A. § 652 and the corresponding Civil Service Commission regulation codified at 5 C.F.R., Section 9.102. The district court entered summary judgment for the defendant, and this appeal followed.

From February 1, 1944, until April 26, 1957, appellant was employed by the United States as an Internal Revenue Agent with civil service classification of Grade 7. Her removal was effected by appellee through service upon her of a notice of proposed removal on March 22, 1957, and a notice of final decision on April 12, 1957, requiring the termination of her employment effective April 26, 1957. This action was filed after she had unsuccessfully exhausted all of her administrative remedies.

When proper procedure has been followed in removing a civil service employee, the courts will not review the administrative determination.[1] If, however, the employee's removal is not effected in the manner and by the procedure required by the law and the applicable regulations, which have the force and effect of law, then the courts will afford relief.[2]

1. Angilly v. United States, D.C.S.D.N.Y. 1952, 105 F.Supp. 257, affirmed 2 Cir., 199 F.2d 642; Williams v. Cravens, 1954, 93 U.S.App.D.C. 380, 210 F.2d 874, certiorari denied sub nom. Williams v. Robbins, 348 U.S. 819, 75 S.Ct. 30, 99 L. Ed. 646; Kohlberg v. Gray, 1953, 93 U.S. App.D.C. 97, 207 F.2d 35; Levy v. Woods, 1948, 84 U.S.App.D.C. 138, 171 F.2d 145; Carter v. Forrestal, 1949, 85 U.S.App. D.C. 53, 175 F.2d 364, certiorari denied 338 U.S. 832, 70 S.Ct. 47, 94 L.Ed. 507.

2. Vitarelli v. Seaton, 1959, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012; Service v. Dulles, 1957, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403; Peters v. Hobby, 1955, 349 U.S. 331, 75 S.Ct. 790, 99 L. Ed. 1129; United States ex rel. Accardi v. Shaughnessy, 1954, 347 U.S. 260, 74 S. Ct. 499, 98 L.Ed. 681.

The notice of proposed removal and the subsequent notice of removal contained five separate general charges, viz.:

"1. Unusual and unwarranted delay in closing cases and falsification of records.

"2. Disturbing element in the office.

"3. Insubordination.

"4. Failure to follow instructions.

"5. Abuse and harassment of taxpayers."

Each of said general charges was followed by a large number of detailed specifications.

The charges were made upon the information of appellant's supervisor, C. M. Banks. The appellant filed a timely answer to the charges and requested an investigation by someone other than said supervisor. Her request for investigation was refused. By subsequent administrative appeals appellant insisted that her dismissal had been effected by an investigation and procedure not applicable to the charges made against her, but her removal was affirmed at all administrative levels.

The procedure for "Adverse Personnel Actions" is prescribed by "RC-DAL-Memorandum No. 54–23 19–9 P. No. 4, U.S. Treasury Department, Internal Revenue Service, Regional Service, Dallas, Texas, May 11, 1954." An amendment to that memorandum, dated August 20, 1956, provided as follows:

"Paragraph VII, A: Delete this paragraph and substitute the following:

"Misconduct of a purely administrative nature, such as inefficiency, insubordination and tardiness, will be investigated and reported in accordance with Paragraph X of this memorandum. All other complaints and allegations of misconduct will be referred immediately through channels to the Regional Commissioner for referral to the Regional Inspector. No attempt will be made

by supervisors or any other officials of the Regional or district office to investigate the case since this is the responsibility of the Regional Inspector. After reviewing the report, the Regional Commissioner will forward it, with his comments, to the Regional Inspector for investigation in accordance with IR-Mimeograph No. 54–134. In unusual cases, if circumstances make this procedure inadvisable, complaints or allegations of misconduct may be sent directly to the Regional Inspector or Assistant Commissioner, Inspection without passing through the usual channels of supervision."

Paragraph X of the Memorandum provided as follows:

"X Complaints and Allegations Regarding Matters Purely Administrative in Nature.

"The employee's immediate supervisor will investigate and obtain the facts in connection with all complaints and allegations of misconduct other than those which must be referred to the Regional Inspector in accordance with IR-Mimeograph No. 46, dated October 8, 1952. Upon completion of the investigation he will refer the case through channels to the Regional Commissioner or District Director for determination of action to be taken. The procedures covered in Sections VIII or IX will be followed."

The appellant's insistence is, and has been, that the charges against her involved misconduct not of a purely administrative nature and that the procedure prescribed by Amended Paragraph VII, A, supra, should have been followed rather than the procedure which was followed in arriving at her dismissal, namely, that prescribed by Paragraph X, supra.

The first clause of Amended Paragraph VII, A indicates what is meant by "of a purely administrative nature," i. e.: *"Misconduct of a purely administrative nature, such as inefficiency, insubordina-*

*tion and tardiness*, will be investigated and reported in accordance with Paragraph X of this memorandum." (Emphasis supplied.)

Charges 2, 3, and 4 admittedly are matters purely administrative in nature. Charge 1 includes a charge of "falsification of records." The lengthy specifications under that charge show that the "falsification of records" charged consists of discrepancies between monthly reports and final reports or permanent record cards as to time spent on various cases and as to dates of submission of audit reports and the reporting of cases closed on report forms prior to the time they were actually closed by the appellant. The appellee insists that these specifications do not purport to charge the appellant with the criminal offense proscribed by 18 U.S.C.A. § 1001.[3] We need not decide whether actual criminal misconduct is charged, for clearly the charge and specifications refer to misconduct other than "of a purely administrative nature" as that term is used in Amended Paragraph VII, A and in Paragraph X of the Regulations.

Appellant makes a similar contention with reference to a sentence in specification (c) to charge five, viz.: "He (an accountant) stated that you told him you had an informant's letter in regard to ........ and another on ........."

Appellant characterizes this as "disclosure of confidential information," in violation of 18 U.S.C.A. § 1905.[4]

Whether the specification charged a criminal offense or not, it clearly charged more serious misconduct than that "of a purely administrative nature."

Amended Paragraph VII, A of the Regulations, supra, required the charges to "be referred immediately through channels to the Regional Commissioner for referral to the Regional Inspector. No attempt will be made by supervisors or any other officials of the Regional or district office to investigate the case since this is the responsibility of the Regional Inspector." One important purpose of this Regulation was to afford the employee an impartial investigation whenever misconduct not of a purely administrative nature was charged. The regulation recognized that the employee should not be besmirched and left under a cloud, with guilt or innocence not clearly determined, when more serious charges were coupled with matters purely administrative in nature. When more serious charges were included, the procedure prescribed by Amended Paragraph VII, A had to be followed before the appellant could legally be removed from the classified civil service. The district court erred in entering summary judgment for

---

3. "§ 1001. *Statements or entries generally*

. "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

4. "§ 1905. *Disclosure of confidential information generally*

"Whoever, being an officer or employee of the United States or of any department or agency thereof, publishes, divulges, discloses, or makes known in any manner or to any extent not authorized by law any information coming to him in the course of his employment or official duties or by reason of any examination or investigation made by, or return, report or record made to or filed with, such department or agency or officer or employee thereof, which information concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association; or permits any income return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person except as provided by law; shall be fined not more than $1,000, or imprisoned not more than one year, or both; and shall be removed from office or employment."

the defendant. That judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.