Sadie **HAINE**, Plaintiff,

v.

James **GOOGE**, Director of the Second U. S. Civil Service Region of the U. S. Civil Service Commission, Defendant.

United States District Court

S. D. New York.

Nov. 10, 1960.

Fried & Mailman, New York City, for plaintiff. Elmer Fried, New York City, of counsel.

S. Hazard Gillespie, Jr., U. S. Atty. for Southern Dist. of New York, New York City, for defendant. Stephen Kurzman, Asst. U. S. Atty., New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

Defendant, the Regional Director of the Second United States Civil Service Division, has moved to dismiss plaintiff's complaint on the alternative grounds that plaintiff has failed to join the individual Civil Service Commissioners as indispensable parties and that the court lacks jurisdiction over the subject matter of the action.

Plaintiff, a veteran, was employed for some years as a detention officer in the New York District of the Immigration and Naturalization Service. On June 26, 1959, she voluntarily submitted her resignation, which was to take effect on July 11. However, before this date, she requested that her resignation be withdrawn. The request was not consented to by the Immigration and Naturalization Service, and her employment was terminated. She then appealed to the defendant Regional Director, pursuant to Section 14 of the Veterans' Preference Act, 5 U.S.C.A. § 863. The defendant's office advised her that since resignation was considered to be a voluntary act on the part of an employee, acceptance of resignation was not recognized as adverse agency action from which an appeal could be taken to the Civil Service Commission. Thus, the protective provisions of 5 U.S.C.A. § 863, governing the appeal process were held not to be applicable. Although the defendant's office, therefore, informed plaintiff that her appeal would be declined, she was also advised, on the merits of her claim, that a resignation submitted by an employee could only be withdrawn with the consent of the employing agency.

She then processed her appeal to the Civil Service Commission Board of Ap-

peals and Review in Washington, which affirmed the initial ruling. Subsequently, she appealed directly to the Civil Service Commissioners, who affirmed the Board's decision, pointing out that a resignation submitted by an employee is binding unless the employer consents to withdrawal.

The instant action was instituted against the defendant seeking a declaratory judgment that plaintiff's withdrawal did not require consent of her employer, and that her appeal was receivable under 5 U.S.C.A. § 863. Plaintiff also seeks an order requiring defendant to receive and process her appeal in a manner provided for by that section.[1]

Plaintiff is confronted at the outset with the case of Blackmar v. Guerre, 1952, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534. In that case, the plaintiff, a veteran employed by the Veterans' Administration, was removed from his position. After the Board of Appeals and Review of the Civil Service Commission rejected his contention that his discharge was not warranted, he instituted an action in the District Court to review this administrative determination, naming as defendants the Regional Director of the Veterans' Administration and the Civil Service Commission. Service on the Commission was sought to be effected through personal service on the Regional Director of the Tenth United States Civil Service Region. The Supreme Court held that the action must be dismissed for failure to serve the individual

Commissioners, who were held to be indispensable parties. The Court said:

"Since the Civil Service Commission is not a corporate entity which Congress has authorized to be sued, a suit involving the action of the Commission generally must be brought against the individual Commissioners as members of the United States Civil Service Commission. * * *

" * * * [R]eview must be in that district where the Commissioners can be served * * * The courts of the District of Columbia are the only courts of 'competent jurisdiction' to reach the members of the Civil Service Commission." 342 U.S. at pages 515–516, 72 S.Ct. at page 412.

It is clear that if the Blackmar case is still valid law, it is applicable to the instant case, and plaintiff's complaint must be dismissed for failure to join the individual Commissioners.

But the plaintiff contends that the Blackmar holding has been somehow weakened or limited by subsequent decisions in Shaughnessy v. Pedreiro, 1955, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868 and Ceballos v. Shaughnessy, 1957, 352 U.S. 599, 77 S.Ct. 545, 1 L.Ed.2d 583. In Pedreiro, the Court held that the Commissioner of Immigration and Naturalization was not an indispensable party in an action brought against the District Director of Immigration and Naturalization to review a deportation order, and,

---

1. 5 U.S.C.A. § 863 and the Regulations promulgated pursuant to it afford the veteran eligible for a preference certain procedural safeguards if such veteran is discharged from his federal service position. Thus, for example, the veteran has a right to a hearing before the office of the Commission undertaking initial adjudication of his case. It is conceded that the plaintiff here was not afforded these procedures, since the Regional Director, and subsequently the Commissioners, determined that the acceptance of a voluntary discharge, and the refusal to accept a withdrawal of such discharge, were not agency actions entitling the

plaintiff to an appeal. But, since there were no disputed issues of fact here, only a question of law being involved, and the plaintiff, despite the procedural holding, nevertheless received a ruling on this question from both the Regional Director and the Commissioners, it is difficult to conclude that any prejudice resulted to the plaintiff from the determination that she was not entitled to appeal. Thus, while her complaint seeks, as well as a determination of the merits, an order requiring the defendant to process her appeal pursuant to the statute, this question appears to be moot.

in Ceballos the same result was reached. However, the Court clearly indicated the factors differentiating the deportation problem from the situation presented in Blackmar and the instant case. The Court in Pedreiro was concerned with the harshness of requiring an alien about to be deported to travel to the District of Columbia in order to secure a judicial determination of the validity of the deportation order. See 349 U.S. at page 53, 75 S.Ct. at page 595. Certainly, no similar urgency is present here.

Further, the difference in functions performed between the District Director of Immigration and Naturalization and the Regional Director involved in the instant case is apparent. As the Court pointed out in Pedreiro, the District Director had the positive duties of issuing warrants of deportation, designating the country to which an alien shall be deported, and determining whether the alien's mental or physical condition required the employment of a person to accompany him. Similarly, in Ceballos, the Court emphasized the fact that the District Director was the official who would execute the deportation. See 352 U.S. at pages 603–604, 77 S.Ct. at page 547. In the present case, the Regional Director has no such affirmative functions. He did not make the initial determination that the plaintiff's attempted withdrawal of her resignation would not be accepted; his office was merely the first step in an appellate procedure culminating in review by the Commissioners. Thus, there is clearly no basis for applying the Pedreiro principle here.

Moreover, courts have uniformly continued to follow the Blackmar rule, even after Pedreiro, holding the individual Commissioners indispensable parties in cases involving review of Civil Service Commission action. See Adamietz v. Smith, 3 Cir., 1960, 273 F.2d 385; Hicks v. Summerfield, 1958, 104 U.S.App.D.C. 286, 261 F.2d 752; Benenanti v. Young, 1955, 95 U.S.App.D.C. 120, 220 F.2d 383; Payne v. McKee, D.C.E.D.Va.1957, 153 F.Supp. 932.

Thus, I conclude that the Commissioners are indispensable parties to this action, and hence must be joined. The Court need not, therefore, consider the defendant's alternative contention that jurisdiction over the subject matter of the action is lacking. Defendant's motion to dismiss the complaint is granted. So ordered.