Owen L. FAGAN, Plaintiff-Appellee,

v.

Carl A. SCHROEDER, Postmaster, Chicago, Illinois, and Robert R. Justus, Chicago Regional Director of the Post Office Department, Defendants-Appellants.

No. 12945.

United States Court of Appeals Seventh Circuit.

Dec. 9, 1960.

Robert Tieken, U. S. Atty., Chicago, Ill., George Cochran Doub, Asst. Atty. Gen., Morton Hollander, Chief, Appellate Section, Donald H. Green, Attorney, Department of Justice, Washington, D. C., for appellant.

Anna R. Lavin, Chicago, Ill., for appellee.

Before SCHNACKENBERG and CASTLE, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge.

Plaintiff-appellee, Owen L. Fagan, was an employee of the United States Post Office Department in Chicago, Illinois, at the commencement of this action under the Administrative Procedure Act, Title 5 U.S.C.A. § 1009, for review of a final order of the Post Office Department demoting him from the position as an Inspection Engineer, PFS–10, Level 4, supervisory position, to that of a PFS–6, nonsupervisory position. The decision in question was rendered by the Postmaster General, Arthur E. Summerfield, on July 24, 1957, on the appeal of Fagan for review of administrative agency disciplinary action against him, allegedly in violation of the Postal Regulations.

The relief requested by Fagan is that the court review the administrative proceedings, set aside the findings and decision had therein, and order the restoration of Fagan to his former position. The defendants-appellants denied the claimed unlawfulness of the administrative proceedings and asserted the special affirmative defenses that the Postmaster General is an indispensable party to the action and that the Postmaster General is not subject to suit within the jurisdiction.

In ruling on these separate affirmative defenses, the district court held that the Postmaster General was not an indispensable party because the relief sought— the restoration of Fagan to his former position—would not require him to take action by exercising a power lodged in him, and because the requested decree would expend itself upon the subordinate officials before the court. The court further held that an action for declaratory judgment would provide a proper remedy to secure review of proceedings before the administrative agency and wherein to declare Fagan's right to the requested relief.

On cross motions for summary judgment, the court entered an order granting summary judgment for the plaintiff and as against the defendants.

Based on its findings of fact, the district court concluded that the Postmaster General was not an indispensable party to the action; that the orders of the Post Office Department of November 29, 1956 and July 24, 1957, respectively removing and demoting Fagan, were illegal, improper, void, and of no effect; and that Fagan was entitled to reinstatement and restoration to his former position together with all benefits and emoluments associated with and attendant upon such position. Judgment was entered accordingly.

Pending the appeal from the judgment, Fagan was separated from the Postal Service for cause unrelated to the charges upon which the challenged proceedings were based.

The issues on the appeal are (1) whether the district court has jurisdiction to review the proceedings leading to Fagan's demotion and to declare his rights to reinstatement and restoration; and (2) whether the Postmaster General is an indispensable party to this action. In addition, Fagan has moved the court of appeals to dismiss the appeal on the ground of an improper party appellant and for failure of appellants to comply with Rule 16(b) of this court, 28 U.S. C.A., respecting the contents of their appendix. Appellants have filed a cross motion to vacate the judgment below and to remand the case with instructions to dismiss the complaint on the ground of mootness in view of Fagan's separation from the Postal Service.

■ Judicial review of administrative proceedings respecting agency employee disciplinary action under the Administrative Procedure Act is limited to the question whether there has been substantial compliance with applicable procedures and statutes. Administrative Procedure Act, Title 5 U.S.C.A. § 1009 (e), Scope of review; Hargett v. Summerfield, 1957, 100 U.S.App.D.C. 85, 243 F.2d 29, certiorari denied 353 U.S. 970, 77 S.Ct. 1060, 1 L.Ed.2d 1137; Hofflund v. Seaton, 1959, 105 U.S.App.D.C. 171, 265 F.2d 363, certiorari denied 361 U.S. 837, 80 S.Ct. 55, 4 L.Ed.2d 77; Whiting v. Campbell, 5 Cir., 1960, 275 F.2d 905.

■ Relief available in an action to secure review of administrative proceedings of agency employee disciplinary action is the setting aside of an invalid administrative decision. Where jurisdiction is based on the Administrative Procedure Act, the court has no authority to enter a decree ordering the reinstatement and restoration of the employee, or to declare the rights of the employee to such relief. Fagan's request for an order of reinstatement and restoration is in the nature of an original action for a writ of mandamus directed against an official of the executive department. The district courts, excepting those for the District of Columbia, do not have jurisdiction to entertain a writ of mandamus. Alley v. Craig, D.C. S.D.Me.1951, 97 F.Supp. 576; Marshall v. Crotty, 1 Cir., 1950, 185 F.2d 622; Zirin v. McGinnes, 3 Cir., 1960, 282 F.2d 113. The Declaratory Judgment Act, as to which the court below concluded that it provided a proper remedy for the declaration of Fagan's rights, does not create independent jurisdiction in mandamus. See Title 28 U.S.C.A. § 2201. The remedy created by that statute is limited to controversies of which the federal courts have jurisdiction. Doehler Metal Furniture Co., Inc. v. Warren, 1942, 76 U.S.App.D.C. 60, 129 F.2d 43, certiorari denied 317 U.S. 663, 63 S.Ct. 64, 87 L.Ed. 533; Jolles Foundation, Inc. v. Moysey, 2 Cir., 1957, 250 F.2d 166.

Fagan challenges and seeks to have set aside the following order issued July 24, 1957:

"Decision of the Postmaster General
on the appeal of
Owen L. Fagan
Chicago, Illinois Post Office
"I have reviewed the appeal of Owen L. Fagan. I have not found the charges of solicitation of a bribe and intoxication on duty to be sufficiently substantiated as to permit reliance on

them as a basis for adverse action. On the basis of all the facts available, however, it is my decision that Mr. Fagan be placed in a PFS–6 non-supervisory position in the Chicago, Illinois post office, effective December 8, 1956 with a probationary period of one year.

"(Signed)   Arthur E. Summerfield
          Postmaster  General"

This order terminated extended agency disciplinary and grievance proceedings and was entered pursuant to Part 746.253, Postal Manual, providing that final decision will be made by the Postmaster General. The terms of the decision modify and supersede a prior order issued by defendant-appellant Justus, Regional Director for the Chicago area, demoting Fagan to the grade of PFS–3, suspending him without pay for a three months' period, and placing him on probation for one year.

█ Assuming arguendo the invalidity of the decision of the Postmaster General because of lack of substantial compliance with applicable procedures and statutes, the court may reverse the order and remand the case to the Post Office Department for further proceedings not inconsistent with its decision. Final disposition of the matter, whether in the form of renewed disciplinary proceedings or reinstatement and restoration, lies within exercise of the discretion of the administrative agency and not within the jurisdiction of the court.

The Post Office officials who must act in the proceedings on remand derive their authority by delegation from the Postmaster General. Final authority in the administration of the Postal Service, the appointment of its personnel, and the disbursement of appropriations rests with the Postmaster General. Title 5 U.S.C.A. § 369, Duties of Postmaster General; Part 821.1, Postal Manual.

█ The Postmaster General is an indispensable party to an action to review a decision rendered by him in the course of agency disciplinary action against an employee who challenges the validity of the proceedings. The decision was entered by the Postmaster General in the exercise of discretion vested in him. Agency action in accordance with a judicial decree setting aside the order would require the exercise of agency discretion by the Postmaster General or by inferior officials acting in his behalf.

These circumstances bring this case directly within the principle stated in Williams v. Fanning, 1949, 332 U.S. 490 at page 493, 68 S.Ct. 188, 189, 92 L.Ed. 95:

"* * * the superior officer is an indispensable party if the decree granting the relief sought will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him."

Similar questions as to jurisdiction and the indispensability of the agency head as a party to an action for judicial review of agency disciplinary action are presented in the case of Deglau v. Franke, D.C.R.I.1960, 184 F.Supp. 225. The conclusions there reached and extensively supported by authority are in accord with the decision of this court on these issues.

Fagan contends that the hardship of having to seek relief in the District Court of the District of Columbia where the Postmaster General is subject to suit requires that that official need not be an indispensable party to the action commenced in the Northern District of Illinois. In Shaughnessy v. Pedreiro, 1955, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868, the court notes that indispensability of parties is determined on practical considerations. There the absent official was not an indispensable party in the action for declaratory relief under the policy as enunciated in Williams v. Fanning, supra. Alleviation of the alleged hardship cannot be achieved by overriding accepted principles governing the presence of parties to an action.

In view of this court's decision that the Postmaster General is an indispensable party to this action, it is not necessary to consider appellants' motion to vacate the judgment below on the ground of mootness. Fagan's motion to dismiss the appeal on the ground of an improper party appellant must be denied. The inadvertent designation of the appeal as "an appeal by the United States" in the opening paragraph of the defendants-appellants' brief on the appeal cannot be held to have misled or otherwise prejudiced the appellee. Fagan's assertion that appellants failed to comply with Rule 16(b) of this court was shown to have some merit on oral argument. Upon careful consideration of the record, however, the omissions from the record do not appear sufficiently substantial to warrant dismissal of this appeal.

For the foregoing reasons, the judgment below must be vacated, and the case is hereby remanded with instructions to dismiss the action without prejudice.