Stephen L. KEMPINSKI, Appellant,

v.

J. J. GREENE, Regional Operations Director, Post Office Department, 30th and Market Streets, Philadelphia, Pennsylvania.

No. 13511.

United States Court of Appeals Third Circuit.

Argued May 4, 1961.

Decided July 10, 1961.

Irwin S. Lasky, Philadelphia, Pa., for appellant.

Mabel G. Turner, Asst. U. S. Atty., Philadelphia, Pa. (Walter E. Alessandroni, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, STALEY and FORMAN, Circuit Judges.

STALEY, Circuit Judge.

In a delegation of authority, does the phrase "review and disposition of disciplinary actions" include the power to discharge an employee of the Post Office Department, and did regulations of that department require that the delegation of such power be in writing?

Appellant, Stephen L. Kempinski, a covered postal clerk at the Philadelphia terminal of the Postal Transportation Service, which is part of the Philadelphia postal region, appealed his discharge therefrom, effective October 28, 1957, to the United States Civil Service Commission where it was upheld. Thereafter, he unsuccessfully sought injunctive relief from the district court where summary judgment was entered in behalf of the Philadelphia Regional Operations Director, appellee. D.C.E.D.Pa.1960, 189 F. Supp. 877.

It is not contended that cause for discharge was lacking; rather, appellant asserts here, as he did in the district court, that the discharge is invalid because it was ordered by a subordinate who did not have a "lawful delegation of authority from the Postmaster General." The administrative hierarchy is not complex. For our purposes, the Postmaster General is at the top, while a Regional Director is next. In turn, his immediate subordinate is the District Operations Manager, who is followed by the District Manager. The appellant's contention, as further refined, goes this way. First, the Postmaster General, by delegating to the Regional Director the power of "review and disposition of disciplinary actions," only delegated power to recommend and not to finally order a discharge.[1] Furthermore, even if such power was delegated, its redelegation by the Regional Director was ineffective since it was not in writing as department regulations allegedly required. We do not agree with appellant on either point.

The Philadelphia postal region, headed by the Regional Director, is divided into seven districts. The region encompasses all of Pennsylvania and parts of New Jersey and Delaware, and its two thousand eight hundred and eighty-five post offices serve nearly fifteen million people. Creation of that region in 1954 was a major step in the decentralization

1. Postmaster General Order No. 55750, dated October 11, 1954.

of the Post Office Department, whereby certain enumerated functions, including personnel, were to be performed by the regional staff rather than in the Washington headquarters. That decentralization was accompanied by a delegation of authority from the Postmaster General commensurate with responsibility, for its purpose was the restoration of "local determination."

Included among the personnel functions delegated to the Regional Director was "review and disposition of disciplinary actions." We think, as did the district court, that this phrase included the power to discharge. As used by postal officials, the term "disciplinary actions" includes more than the power to recommend discharge, and it includes the right to suspend or discharge. The verb "dispose" means to regulate, adjust, settle, and as an intransitive verb to finally determine. "To dispose of" extends to fixing the conditions and terms of employment. Webster's New International Dictionary, Unabridged, Second Edition, p. 752. Certainly, a delegation to act with such definitiveness includes the power to terminate an employment relationship. Had the Postmaster General intended to restrict that phrase to recommending, he would have so indicated.

Our conclusion is buttressed by Postmaster General Order No. 55809, which was issued shortly after the Philadelphia region was created and endowed its Director with "general jurisdiction over the postal affairs in his respective region * * *." That, we believe, empowered the Director to perform such acts as were necessary for successful performance of postal functions in the region. To us, it is certain that such a broad delegation of power made concurrently with a major over-all structural reorganization as was brought on by creation of the Philadelphia region encompassed the power to discharge.

Appellant leans heavily on Zirin v. McGinnes, 3 Cir., 282 F.2d 113, certiorari denied, 1960, 364 U.S. 921, 81 S.Ct. 286, 5 L.Ed.2d 260, where we rejected any delegation of authority by implication. As we have already indicated, the delegation here was express and clear. Appellant's reliance on Vitarelli v. Seaton, 1959, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012; Service v. Dulles, 1957, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403; and Whiting v. Campbell, 5 Cir., 1960, 275 F.2d 905, is misplaced, for those cases were concerned with the manner in which a power to discharge was exercised, i. e., was it exercised in accordance with appropriate regulations, while here we are required to determine whether that power existed at all.

 Even assuming that this power to discharge had been delegated, appellant contends that a redelegation of that power to the District Postal Manager, who ordered his discharge, was ineffective since it was not in writing. He cites no case or statutory authority to support that contention, and our research has uncovered none.[2] On this appeal,

2. § 3(a), 5 U.S.C.A. § 1002(a), of the Administrative Procedure Act requires that all "delegations by the agency of final authority" be published in the Federal Register. However, "any matter relating solely to the internal management of an agency," which clearly encompasses a personnel action such as the one we have here, is exempted from that requirement. § 3, 5 U.S.C.A. § 1002. 92 Cong.Rec. pp. 2155, 5650, 79th Cong., 2d Sess. 1946. The Federal Register Act, 44 U.S.C.A. § 305(a), provides that "there shall be published in the Federal Register * * * (2) such documents or classes of documents as the President shall determine from time to time have general applicability and legal effect; and (3) such documents or classes of documents, as may be required so to be published by Act of the Congress." We know of no Presidential determination or congressional requirement calling for publication of the delegation involved here.

See 1 Davis, Administrative Law §§ 6.09, 6.10; Newman, Frank C., "Government and Ignorance—A Progress Report on Publication of Federal Regulations," 63 Harv.L.Rev. 929 (1950); Griswold, Erwin N., "Government in Ignorance of the Law—A Plea for Better Publication of Executive Legislation," 48 Harv.L. Rev. 198 (1934).

and for the first time in this litigation, appellant bottoms this contention on Part 812 of the Postal Manual, entitled "Delegation of Authority." Although Part 812 was not before the district court, that does not preclude us from considering it, since no factual issues are involved and the matter merely calls for construction. See Zirin v. McGinnes, supra.

From our reading of Part 812, we are convinced that it does not require that delegations of authority be made in writing, and certainly it has nothing to do with the manner in which a delegation is made. It is restricted, we think, to prescribing the medium in which delegations shall be published and the method of promulgation where such is required by some other authority. Part 812 itself recites examples of cases where such other authorities may require that a delegation be published by a written instrument, e. g., delegation of power to incur obligations on behalf of the United States or to certify vouchers for payment.[3] It goes on, in subpart 812.2, entitled "Media of Delegation," to provide that delegations, so far as "practicable," shall be published in the "Postal Manual or other manuals of regulations and procedures, in the style of such manuals." An exception to this general rule is recognized where a manual insert is not appropriate or feasible.[4] Not only does Part 812 serve this limited function, but in addition, it applies only to delegations made by the Postmaster General, or in his absence, by certain enumerated deputies and assistants at departmental level.[5] There is no indication that the myriad of delegations and subdelegations of authority that surely take place within the Post Office Department must be memorialized by a written publication.

The judgment of the district court will be affirmed.

3. Part 812.1, in relevant part, provides:
".13 Specific written delegation granting authority for the performance of acts specifically vested in the Postmaster General or in the Post Office Department by statutory or administrative law is *sometimes required*, such as those which authorize the incurring directly of an obligation on behalf of the United States Government or the certification of vouchers for payment." (Emphasis supplied.)

4. Subpart 812.2 in relevant part provides:
".22 Chapter 8 of the Postal Manual shall serve as the general medium for conferring authority to organization units and their heads to perform the duties and responsibilities allocated to them. Such other manuals as are, or may be, officially established shall serve as media for conveying specific operating authorities in connection with specific work processes prescribed by the manuals.
".23 Individual memoranda of delegation, in the format of an Order of the Postmaster General, numbered serially for record purposes, may be issued when promulgation in the form of a manual insert is not appropriate or feasible. Such memoranda shall, however, be kept to a minimum.
".24 In addition to publication in suitable departmental and field service series, delegations shall be published in the Federal Register when required."

5. Subpart 812.1 in relevant part provides:
".11 All authority for administration of the programs and activities of the Post Office Department is vested by Reorganization Plan No. 3 of 1949 in the Postmaster General. The Postmaster General is authorized by this law to delegate his authority to officers and employees under his dirction and supervision.
".12 An Assistant Postmaster General is authorized to act in behalf of the Postmaster General on all matters within the terms of reference of that Assistant Postmaster General. In the absence of an Assistant Postmaster General from duty, his functions shall be discharged by his Deputy Assistant Postmaster General or other designated officer, next in line, who shall use the title of Acting Assistant Postmaster General and sign documents as such. When a designation is to be made to an officer of lesser rank than a Deputy Assistant Postmaster General or Executive Director of a bureau to act as Assistant Postmaster General, the prior approval of the Postmaster General or the Deputy Postmaster General shall be obtained."