**Adrian C. MAY**

v.

**Chester A. USRY, Robert Jackson Collie, A. J. O'Donnell, Jr., Cecil Sanders, and C. H. McMurray.**

**Civ. A. No. 8225.**

United States District Court
W. D. Louisiana,
Shreveport Division.

April 10, 1962.

Adrian C. May, in pro. per.

Patrick W. Looney, Bodenheimer, Looney, Richie & Jones, Shreveport, La., for plaintiff, Court Appointed Counsel.

T. Fitzhugh Wilson, U. S. Atty., and Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for defendants.

BEN C. DAWKINS, Jr., Chief Judge.

Plaintiff alleges here that he is a former employee of the Internal Revenue Service as a Revenue Agent; that, following his dismissal from the Service by defendant, the District Director in New Orleans, Louisiana, plaintiff appealed that decision to the Director of the Eighth United States Civil Service in Dallas, Texas, and, after unfavorable results there, again appealed to the Board of Appeals and Review, United States Civil Service Commission, Washington, D. C.; that the Commission affirmed his removal by the District Director; that the removal was illegal procedurally because the District Director considered charges and specifications not presented in the advance notice of proposed adverse action; that the District Director did not appear personally at the Civil Service hearing and was not, under the rules of the Commission, subject to cross-examination; that plaintiff's dismissal was arbitrary and designed to impede the enforcement of the Internal Revenue laws and other laws of the United States;

and that, therefore, the District Director should be enjoined from any further adverse action and the plaintiff should be reinstated to his former position with back pay. He prays for issuance of a mandatory injunction ordering defendant to reinstate plaintiff, and to set aside his original order of dismissal.

Defendant has moved to dismiss the action on the ground, among others, that the individual members of the Civil Service Commission (which affirmed plaintiff's dismissal) are indispensable parties to the granting of the relief sought.

Because we agree with this position, it becomes unnecessary to consider defendant's other grounds for dismissal.

In Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952), the plaintiff, a veteran employed as authorization officer in a Regional Office of the Veterans Administration, was discharged from his position by the Regional Manager of the V. A. in New Orleans. Pursuant to 5 U.S.C.A. § 863, plaintiff appealed his discharge to the Regional Office of the Civil Service Commission where it was determined to have been wrongful, it being recommended that plaintiff be reinstated to his former position. The V. A. appealed to the Board of Appeals and Review of the Civil Service Commission in Washington and the Regional Office's determination was reversed. Plaintiff thereupon brought suit in Louisiana against the Regional Manager who first discharged him, and the Commission. The District Court dismissed the action for want of jurisdiction and the Court of Appeals affirmed. In affirming the action of the lower Courts, the Supreme Court held that, if the Commission's action is reviewable under provisions of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., this may be done only by a Court of "competent jurisdiction." Continuing the Court held:

" * * * Assuming, without deciding, that Commission action is reviewable by court action under § 1009, it must follow that review must be in that district where the Commissioners can be served. Since we have held that the Civil Service Commission is not an entity that may be sued anywhere it may be functioning but *only the Commissioners may be sued where they can be served,* § 1009 does not aid petitioner in an action brought in Louisiana. *The courts of the District of Columbia are the only courts of 'competent jurisdiction' to reach the members of the Civil Service Commission."* (Emphasis added.)

The Court also held that no relief could be granted against the Regional Manager, thereby affirming the Court of Appeals in its holding that the Commission was an indispensable party to the action. (190 F.2d 427, 5th Cir., 1951.)

The above ruling, as applied here, confirms defendant's position that the members of the Civil Service Commission, the agency that affirmed defendant's administrative determination resulting in plaintiff's dismissal, are indispensable parties to this action; and that such suit may be brought only in the District of Columbia.

■ Plaintiff asserts that this Court has jurisdiction pursuant to the provisions of 5 U.S.C.A. § 1009, the same statute upon which jurisdiction was found lacking in Blackmar v. Guerre, supra. He argues, however, that he is not attacking an order of the Commission; rather he is attempting to nullify his dismissal because of the alleged failure of the District Director to comply with the provisions of the Internal Revenue Manual. Specifically, he points to his allegations that the District Director, in considering the charges against him, looked to "outside evidence" which was in violation of provisions of the Internal Revenue Manual.

A similar argument was held invalid in Payne v. McKee, 153 F.Supp. 932 (E. D.Vir., 1957), where the Court, quoting from Blackmar v. Guerre, supra, held:

"Manifestly the agency action subjected to judicial review under the Administrative Procedure Act is not contemplated to embrace the actions of an individual administra-

tive officer acting within the scope of his employment. Congress has established administrative remedies which must be exhausted as a prerequisite to obtaining judicial review, *and it is the action of the administrative agency which falls under the scrutiny of court review— not the action of the first individual whose acts may be the foundation for an administrative review.*" (Emphasis added.)

An identical ruling was made in Deglau v. Franke, 184 F.Supp. 225 (D.C.R.I., 1960). To the same effect are Hicks v. Summerfield, 104 U.S.App.D.C. 286, 261 F.2d 752 (1958) cert. den. 359 U.S. 959, 79 S.Ct. 798, 3 L.Ed.2d 766 (1959), Adamietz v. Smith, 273 F.2d 385 (3rd Cir., 1960), Haine v. Googe, 188 F.Supp. 627 (S.D.N.Y., 1960), aff. per curiam 289 F.2d 931 (2nd Cir., 1961), and Benenati v. Young, 95 U.S.App.D.C. 120, 220 F.2d 383 (D.C.App., 1955).

Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868 (1955), relied on by plaintiff, did not modify the holding of that Court in Blackmar v. Guerre, supra, for the reasons explained in Adamietz v. Smith, supra.

For the reasons given, the motion to dismiss must be, and is hereby, granted.