**Peter BALISTRIERI et al., Plaintiffs-Appellants,**

**v.**

**UNITED STATES of America, Robert Kennedy, et al., Defendants-Appellees.**

**No. 13597.**

United States Court of Appeals Seventh Circuit.

May 16, 1962.

---

2. Rule 53(a) provides: "As used in these rules the word 'master' includes a referee, an auditor, and an examiner."

Solomon Gad, Eugene J. Koenen, Milwaukee, Wis., for appellants.

Louis F. Oberdorfer, Asst. Atty. Gen., John M. Brant, Attorney, Tax Division, U. S. Department of Justice, Washington, D. C., James B. Brennan, U. S. Atty., Milwaukee, Wis., for appellees.

Lee A. Jackson, Joseph M. Howard, Attorneys, Department of Justice, Washington, D. C.

Before DUFFY, KILEY and SWYGERT, Circuit Judges.

DUFFY, Circuit Judge.

This is an appeal from an order of the District Court dismissing an amended complaint in a declaratory judgment suit.

The original complaint for a declaratory judgment was filed June 12, 1961. The sole plaintiff, Peter Balistrieri, alleged that the United States Internal Revenue Service had caused to be served on one Marvin Topper, a certified public accountant, a summons requiring him to deliver certain books, records and papers in his possession concerning Tower Tavern, Inc., Milwaukee, Wisconsin, and likewise, a similar summons as to The Pub, Inc., Milwaukee, Wisconsin. The complaint further alleged Balistrieri had been summoned to appear on June 19, 1961, before Special Agent, Ernest G. Johannes, to give testimony relating to the tax liability and/or the collection of the tax liability of Tower Tavern, Inc. and The Pub, Inc.

The complaint then alleged Johannes advised plaintiff's counsel he would not return the books, records and papers until he had completed his examination. It also alleged that plaintiff required an examination of such books, papers and records "so that he can properly prepare himself for the giving of the testimony and to reserve unto himself such constitutional and/or other rights which he desires, if any." No relationship between Balistrieri and the corporations was alleged, but an affidavit by Balistrieri dated June 16, 1961 states he was and is the president and a stockholder in the two corporations.

Plaintiff Balistrieri sought to have the Court declare that he had a right to examine, for a reasonable time prior to giving his testimony, the books, records and papers of Tower Tavern, Inc. and The Pub, Inc. which had been secured from Mr. Topper.

On the same day as the filing of the complaint, plaintiff Balistrieri filed a motion for a temporary injunction. He asked that respondents and their agents be restrained from attempting to obtain any

information on the basis of the summons issued by Special Agent Johannes, until such time as the Court made a determination in the declaratory judgment action.

On June 16, 1961, the United States filed a motion to dismiss the suit for a declaratory judgment, and also to dismiss the motion for a temporary injunction. On July 5, 1961, the District Judge dismissed the motion for a temporary injunction and filed Findings of Fact and Conclusions of Law in support of its order. Included in the Findings were:

"5. That the work papers, records, and memoranda so subpoenaed by Internal Revenue Service are the sole property of the accountant, Marvin Topper;

"6. That the petitioner has not asserted any title to these work papers so summoned from Marvin Topper;"

On July 27, 1961, an amended complaint for declaratory judgment was filed. In addition to Balistrieri, the Tower Tavern, Inc. and The Pub, Inc. were designated as "Petitioners." The District Court was asked to declare "That the petitioners have a right to examine copy or photostat at this time of [sic] these books, records and papers, because some are the records of the taxpayer corporations, and the balance by virtue of the fact that the accountant has specifically authorized them to exercise the right to examine, copy or photostat such books, records and papers as may belong to the accountant."

There was no appeal from the order denying the motion for a temporary injunction. The issues before us stem from the action of the District Court in dismissing the complaint for a declaratory judgment.

■■ The United States is named as one of the parties defendant. It is axiomatic that a suit cannot be maintained against the United States without its consent. Larson v. Domestic and Foreign Commerce Corporation, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628. The

passage of the Declaratory Judgment Act did not give such consent. Anderson et al. v. United States, 5 Cir., 229 F.2d 675, 677. That Act created a remedy as to controversies of which the federal courts have jurisdiction. Fagan v. Schroeder et al., 7 Cir., 284 F.2d 666, 668.

True, four other defendants including the Attorney General of the United States, are named as parties defendant. All are employees of the United States. Implied in the allegations of the complaint is the charge that at least one of them acted in a arbitrary manner beyond the scope of his duties and employment. Furthermore, in a comparatively recent case, the Court of Appeals for the Second Circuit (Application of Colton, 291 F.2d 487) has held that a United States District Court had jurisdiction to pass on a motion to vacate a summons issued by a Special Agent of the Treasury Department to appear before him and produce certain work papers, copies of tax returns, and memoranda which they had used in preparing tax returns for designated clients. The Court of Appeals held the District Court had jurisdiction of the motion to vacate the summons and that the order of denial was appealable.

Appellants' case is so devoid of merit that we have decided to proceed on the basis that jurisdiction did exist. However, the question is not without doubt, hence this decision should not be considered as a binding precedent on the jurisdictional question.

■ As no appeal was taken from the order denying the motion for a temporary injunction, we consider as a verity that the papers subpoenaed were the property of the accountant Topper, and that the original corporate records are in the possession of plaintiffs. The reasons alleged by plaintiff Balistrieri for securing the right of inspection were entirely without substance.

■ A District Court should not interfere prematurely in an administrative proceeding. In Eccles et al. v. Peoples

Bank of Lakewood Village, California, 333 U.S. 426, at page 431, 68 S.Ct. 641, at page 644, 92 L.Ed. 784, the Court said: "* * Especially where governmental action is involved, courts should not interfere unless the need for equitable relief is clear, not remote or speculative."

■ Congress has declared the policy "[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." 26 U.S.C. § 7421(a). With reference to the assessment and collection of federal taxes, the courts have only a limited area in which to operate.

Under the circumstances of this case, the District Court acted correctly in dismissing this suit for a declaratory judgment.

Affirmed