Claude WALLACE, Plaintiff,

v.

Harry N. SEMROW, as United States Postmaster at Chicago, Illinois; Earl A. Barnhart, as Postal Installations Manager at the Chicago Post Office; and J. A. Connor, as Director of the Seventh United States Civil Service Region, Defendants.

**Civ. A. No. 61 C 1957.**

United States District Court
N. D. Illinois, E. D.
July 11, 1962.

Overton, Marks, Simons & Houghteling, Chicago, Ill., for plaintiff.

James P. O'Brien, U. S. Atty., for defendants.

WILL, District Judge.

Plaintiff herein seeks (1) a declaratory judgment that his removal as an employee of the United States Postal Service was not in compliance with section 14 of the Veterans' Preference Act of 1944, 5 U.S.C.A. § 863; (2) an injunction prohibiting defendants from future interference with his right to continue as a postal employee during satisfactory service; (3) an order remanding the cause to defendant administrators for further proceedings not inconsistent with the Court's decision; and (4) a judgment for back pay.

Defendants, for their part, have moved to dismiss the complaint on the grounds that (1) it fails to join indispensable parties, (2) it fails to state a claim upon which relief can be granted, and (3) the Court lacks jurisdiction over the subject matter.

It appears from the complaint and accompanying documents that on December 3, 1960, plaintiff was notified in a letter from the postal inspector at Chicago, Illinois that it was proposed to terminate his employment because of certain alleged activities set out in that letter. Plaintiff replied in writing to the charges against him, but was thereafter informed by defendant BARNHART that the decision to remove him had been taken notwithstanding his defense, and would become effective January 27, 1961. Plaintiff next appealed to defendant CONNOR, Director of the Seventh United States Civil Service Region, who, after a hearing on the matter had been held, affirmed the prior decision of removal. A final written appeal was taken to the Board of Appeals and Review, United States Civil Service Commission, Washington, D. C. On or about September 8, 1961, plaintiff was notified that this appeal "had been denied." Having exhausted his administrative remedies, he filed the present suit in this Court on November 15, 1961.

Regrettably, the Court feels constrained by precedent to grant the defendants' motion to dismiss, since it is evident from the applicable case law that even if all other legal impediments to acquiring jursidiction were overcome, the individual members of the Civil Service Commission, who have not been made defendants herein and who are not within the Court's jurisdiction, would still be indispensable parties to this action. For example, in Adamietz v. Smith, 3 Cir., 1960, 273 F.2d 385, 387–388, which was also an action by a dismissed postal employee who had veterans' preference status, the Court of Appeals affirmed the District Court's dismissal on the ground that the Civil Service Commission members, to whom an appeal had been per-

fected, were indispensable to the cause. The plaintiff, who had named only the local postmaster as defendant, sought relief largely in the same terms as the relief prayed for herein. In finding that the individual Commissioners were indispensable parties to the action, the Court stated:

"Even a cursory reading of appellant's prayer for relief indicates that the appellee herein is neither able nor authorized to grant all the relief the appellant seeks. This is particularly clear as regards that portion of the prayer which seeks a rehearing under rules other than those presently established by the Commission. Moreover, the appellee is not even in a position to reinstate the appellant in the face of a contrary holding by the Commission. The very statute under which appellant grounded his appeal to the Civil Service Commission makes binding upon appellee its rulings. § 14, Veterans' Preference Act of 1944, * * *.

"Thus, in the instant case appellant seeks action of the appellee that is beyond his power to grant. The Commission is the only agency that can grant the relief desired by appellant, i. e., revised rules of procedure for civil service hearings and reinstatement to position. * * *"

To the same effect is Zirin v. McGinnes, 3 Cir., 1960, 282 F.2d 113, an action by a discharged employee of the Internal Revenue Service to obtain relief on the ground that the District Director's act in dismissing her was ultra vires and should be enjoined. The Court specifically reaffirmed its holding in Adamietz v. Smith, supra, as to the indispensability of the members of the Civil Service Commission. See also Fagan v. Schroeder, 7 Cir., 1960, 284 F.2d 666 and Haine v. Googe, D.C.S.D.N.Y.1960, 188 F.Supp. 627.

While the foregoing is dispositive of defendants' motion, the Court wishes to indicate that it directs the entry of the order dismissing this cause with considerable reluctance. This is but one of a number of similar cases wherein litigants who seek judicial review of essentially local administrative determinations are compelled to incur the substantial and frequently impossible expense and inconvenience of traveling to Washington, hiring new counsel there, and securing the presence of witnesses there, either because of the indispensability requirement or because the District Court of the District of Columbia is the only such court empowered by Congress to entertain original writs of mandamus or for both reasons. The problems inherent in this situation as well as possible legislative reform are discussed in a recent, excellent article in the Harvard Law Review entitled Proposed Reforms in Federal "Nonstatutory" Judicial Review: Sovereign Immunity, Indispensable Parties, Mandamus, 75 Harv.L.Rev. 1479 (June, 1962). The adoption of remedial legislation similar to that discussed in the article would serve to rectify the existing inequities.

An order consistent with the above will be entered.