**ASSOCIATION FOR the PRESERVA-
TION OF FREEDOM OF CHOICE,
INC., Plaintiff,**

v.

**Lowell WADMOND, Defendant.**

United States District Court
S. D. New York.
March 7, 1963.

Alfred Avins, New York City, for plaintiff.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, Joseph M. Callahan, Sp. Asst. Atty. Gen., New York City, Chester Bordeau, Sp. Asst. Atty. Gen., New York City, of counsel, for defendant.

WEINFELD, District Judge.

This is a motion by the defendant for summary judgment upon enumerated legal grounds, including lack of indispensable parties. The defendant herein is Chairman of the Committee on Character and Fitness of the Appellate Division of the Supreme Court of the State of New York, First Judicial Department, hereafter called the Committee. There are nine other members of the Committee, none of whom has been named or served as a defendant.

The plaintiff is a membership corporation of the District of Columbia "organized to promote the right to freedom of choice * * * and to oppose anti-discrimination legislation which would infringe on this right * * * especially in New York State."

The plaintiff seeks a declaratory judgment that question 21(A) of the Committee's questionnaire which must be answered by all applicants for admission to the Bar, to wit:

"Give the names, addresses, objects of and period of membership in each and every club, association, society or organization of which you are or have been a member."

violates plaintiff's and its members' rights under the Fourteenth Amendment to the United States Constitution. Plaintiff also seeks an injunction restraining the defendant from asking the question and requiring applicants to answer it as a prerequisite to admission to the Bar. The essence of the plaintiff's claim is that its activities in furthering its objectives and purposes has made it unpopular among various groups in New York State who favor antidiscrimination legislation, including certain members of the Committee; that to require those of plain-

tiff's members who are applicants for admission to the Bar who appear before the Committee to divulge the fact of such membership may create apprehension of an unfavorable vote by the Committee, thereby causing such plaintiff's members to resign and deterring prospective members who are applicants for admission to the Bar from joining its ranks.

The motion for summary judgment is based upon five affirmative defenses: (1) that the amended complaint fails to state a claim upon which relief can be granted; (2) that the Court lacks jurisdiction over the subject matter of the action; (3) lack of plaintiff's standing to sue; (4) lack of indispensable parties defendant; and (5) that the information requested by the question at issue has substantial relevance in furnishing information touching upon the qualifications of an applicant, for admission to practice law.

Upon the conclusion of the argument of the motion, which was heard at length, the Court suggested, but indicated no final view, that apart from the other defenses, that of lack of indispensable parties at once appeared to be of substance. The Court then suggested to plaintiff's counsel that he reappraise this aspect of the case in order to avoid loss of time and effort which would result if in fact the remaining members of the Committee were indispensable parties to this action. Plaintiff's counsel since has maintained his original position that there is no defect of parties defendant. The Court concludes otherwise and holds that under the complaint as drawn all members of the Committee are indispensable parties.

The defect of parties defendant is not cured by the amendment of the complaint which alleges that "this action is brought against the defendant both individually and in his representative capacity as Chairman of the Committee * * * and against the said Committee * * * by defendant, its chairman, pursuant to Sec. 13 of the General Association Law of New York State and Sec. 1289 of the New York Civil Practice Act, and against said defendant as representing a class consisting of all the members of said Committee * * *."

■■ The Committee is not, as plaintiff alleges, an unincorporated association, and hence section 13 of the General Associations Law of New York [1] is inapplicable. It was neither organized nor exists on a voluntary or consensual basis.[2] The Committee is the creature of the State. The plaintiff itself has alleged the members are State officials.[3] They are appointed pursuant to statute by the Appellate Division in each Judicial Department for the purpose of investigating the character and fitness of every applicant for admission to the Bar.[4] The Committee functions as an arm of the Court in an advisory capacity.

■■ Equally inapplicable is section 1289 of the New York Civil Practice Act which deals with notice of application and the service of process upon courts, boards and commissions in special proceedings in the nature of writs of certiorari, mandamus and prohibition under the all-inclusive Article 78 of that Act. No State act authorizes that the Committee have capacity to sue or to be sued. Ac-

1. McKinney's Consol.Laws of New York Ann. c. 29, General Associations Law, § 13 (1962 Cum.Supp.).

"An action or special proceeding may be maintained, against the president or treasurer of such an association, to recover any property, or upon any cause of action, for or upon which the plaintiff may maintain such an action or special proceeding, against all the associates, by reason of their interest or ownership, or claim of ownership therein, either jointly or in common, or their liability therefor, either jointly or severally. Any partnership, or other company of persons, which has a president or treasurer, is deemed an association within the meaning of this section. * * *"

2. Compare Gillette v. Allen, 269 App.Div. 441, 56 N.Y.S.2d 307 (4th Dept. 1945); People v. Norwegian Underwriters, 139 Misc. 70, 247 N.Y.S. 707 (Sup.Ct.1931).

3. Complaint, paragraph 4.

4. Gilbert-Bliss, Civil Practice of the State of New York, Rules of Civil Practice, Rule 1 (1955). See also, McKinney's Consol.Laws of New York, c. 30, Judiciary Law, § 90, subd. 1, par. a (1962 Cum.Supp.).

cordingly, neither State provision relied on by the plaintiff has resulted in bringing the Committee or its individual members other than the defendant before this Court.

■ Also without substance is plaintiff's position that this is a class action under Rule 23 of the Federal Rules of Civil Procedure and accordingly that suit against him as an adequate representative of the Committee dispenses with the need to make the remaining Committee members parties defendant. The Rule applies where "persons constituting a class are so numerous as to make it impracticable to bring them all before the court." There are nine other members of the Committee, all engaged in the practice of law in this District and all are as readily available for service of process as was the defendant herein. There is no practical problem about bringing them all before the Court.

■■ With only the Chairman of the Committee before this Court, the question remains, however, as to whether the other members are indispensable parties to this action. The test of indispensability is whether a decree, if entered upon plaintiff's claim, will effectively grant relief by expending itself upon the person who is before the Court. The determination of the issue turns "on the ability and authority of the defendant before the court to effectuate the relief" which the plaintiff seeks.[5] The defendant, as Chairman of the Committee, is not, as the plaintiff suggests, the superior of any other member. The Committee members are equals. The Committee acts upon the basis of votes of its individual members. Although not expressly specified by the State act authorizing its appointment, this is implicit from a provision thereof which governs transfer of applications for admission from one district to another. Thus, an application may be transferred where it appears "(2) that

the majority of the members of such committee are not qualified to vote on the application or have disqualified themselves from voting or have refrained from voting thereon; or (3) that the members of such committee are equally divided in their opinion as to the application."[6] In the furtherance of its investigatory power, the Committee "subject to the approval of the justices of the appellate division, is authorized to prescribe * * * a form of statement or questionnaire"[7] which the applicant is required to answer. Thus, question 21(A) of the questionnaire, the subject of plaintiff's attack, is the end product of the individual vote or judgment of each member of the Committee. In its final adoption, the defendant had no more or less say than that of any other Committee member.

It is obvious that were the plaintiff to prevail in this suit and an injunction issued as prayed for by it, the decree would be binding only upon the defendant and would not afford plaintiff the full relief it seeks. And should the defendant be enjoined from asking question 21(A) of such applicants whom he interviews, the injunctive provision would not prevent the remaining members of the Committee from putting the identical interdicted question to other applicants interviewed by them or even to the very applicants interviewed by the defendant herein. Further, should the defendant be directed to eliminate the question from the questionnaire, he is without power to do so since he exercises but one vote; he does not control the vote of the other members of the Committee. In this connection a further defect of parties defendant may exist because of the failure to join the justices of the Appellate Division since, as already noted, the questionnaire of the Committee is subject to their approval.

The situation here presented is somewhat analogous to those in which relief

---

5. Ceballos v. Shaughnessy, 352 U.S. 599, 603, 77 S.Ct. 545, 1 L.Ed.2d 583 (1957).

6. Rules of Civil Practice, Rule 1(c), supra note 4.

7. Rules of Civil Practice, Rule 1(d), supra note 4.

with respect to positions or status is sought from the Federal Civil Service Commission. Consistently it has been held that "Since the Civil Service Commission is not a corporate entity which Congress has authorized to be sued, a suit involving the action of the Commission generally must be brought against the individual Commissioners as members of the United States Civil Service Commission." [8]

The plaintiff's counsel urges that the Court should strain to avoid holding that the other members of the Committee are indispensable parties upon a plea that to bring them in presents difficulties and imposes a hardship.[9] The suggested difficulty is more imaginary than real. There is no problem in effecting service of process upon any member of the Committee. Contrary to counsel's statement that their addresses are unknown, the fact is that the office address of each appears on the "Instructions to Applicants." Indeed, the great likelihood is that each if requested, will readily accept service of the summons.

To bring all Committee members into the action presents no problem of consequence, nor does it interfere with any remedy to which the plaintiff may be entitled. There is no reason why the rule requiring indispensable parties should not be observed. That compliance with the rule is not, as plaintiff suggests, a "dry technicality" but a matter of substance is underscored by the allegations of the complaint. They are cast in terms which make the individual Committee members indispensable parties. The charge of impairment of plaintiff's constitutional rights does not rest upon the mere allegation of the question itself. The plaintiff's claim that its Fourteenth Amendment rights are infringed by the requirement that applicants answer question 21(A) is hinged to the allegation that "certain of the members [not named] of the Committee * * * do not agree with * * *" the objects of the plaintiff and that disclosure by applicants of membership in plaintiff "may cause said members of the committee to vote against the admission of plaintiff's members to the Bar, or may create in the minds of plaintiff's members a well-grounded apprehension of said unfavorable vote, causing such of plaintiff's members to resign."

The thrust of the plaintiff's claim against individual members of the Committee is further emphasized by an interrogatory served upon the sole defendant herein: "As to each current member of the Committee on Character and Fitness * * * state whether he agrees in whole, disagrees in whole, or agrees in part and disagrees in part, with the objects of the plaintiff as set forth in its current statement of position * * * its current constitution, its old constitution (now used as standards for the Division of Law), and its statements on housing, * * * and if he agrees in part and disagrees in part, state whether he would consider his disagreement minor or substantial."

Since any decree will not expend itself upon the defendant herein, and further it appearing that plaintiff's claim involves an alleged attitude of hostility on the part of "certain" members of the Committee, it is abundantly clear that all members of the Committee are indispensable parties to this action. As the plaintiff has seen fit not to bring them in as parties defendant, although opportunity was afforded to do so, the complaint is dismissed without prejudice.

8. Blackmar v. Guerre, 342 U.S. 512, 515, 72 S.Ct. 410, 96 L.Ed. 534 (1952). See Haine v. Googe, 188 F.Supp. 627, (S.D. N.Y.1960), aff'd, 289 F.2d 931 (2d Cir., 1961); Adamietz v. Smith, 273 F.2d 385 (3d Cir.), cert. denied, 363 U.S. 850, 80 S.Ct. 1628, 4 L.Ed.2d 1732 (1960); Hicks v. Summerfield, 104 U.S.App.D.C. 286, 261 F.2d 752 (D.C.Cir., 1958), cert. denied, 359 U.S. 959, 79 S.Ct. 798, 3 L.Ed.2d 766 (1959); Benenati v. Young, 95 U.S.App.D.C. 120, 220 F.2d 383 (D.C. Cir., 1955).

9. Counsel cites Zwack v. Kraus Bros. & Co., 237 F.2d 255, 259 (2d Cir., 1956).