**Mrs. Bessie GIVHAN et al.,
Plaintiffs,**

v.

**The BOARD OF EDUCATION OF WESTERN LINE CONSOLIDATED SCHOOL DISTRICT et al., Defendants.**

**No. GC 73-29-S.**

United States District Court,
N. D. Mississippi,
Greenville Division.

Aug. 31, 1973.

Nausead Stewart, of Anderson, Banks, Nichols & Leventhal, Jackson, Miss., for plaintiffs.

James Robertshaw, of Robertshaw, Merideth & Swank, Greenville, Miss., for defendants.

MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on several motions. The complaint was filed March 16, 1973. The plaintiffs are

three former black teachers of the Western Line Consolidated School District.

Plaintiffs seek to represent a class of individuals who may have been the victims of the constitutionally impermissible discriminatory employment practices of the school district similar to that to which they allege that they have been subjected.

The defendants are members of the Board of Education of the School District and certain members of its administrative staff.

Jurisdiction of the court is sought under the First, Thirteenth and Fourteenth Amendments to the Constitution of the United States, Title VI of the Civil Rights Act of 1964, § 601, 42 U.S.C.A. § 2000d, and 42 U.S.C.A. §§ 1981, 1983 and 1985.

Plaintiffs assert that they and the members of the class which they seek to represent are victims of racial discrimination which has been and is now being practiced by defendants in the discharge and employment of teachers for defendant School District. They seek injunctive and other equitable relief.

Defendants answered on or about April 18, 1973, and thereafter filed an amendment setting forth the additional defense, that, should the court rule that the action sub judice is a proper class action, the action should be dismissed because the issues set forth in the complaint fall squarely within the ambit of the order entered by this court on January 21, 1970 in Ayers et al. v. Western Line Consolidated School District et al., GC 66–1–S, upon the docket of this court. Ayers involves the desegregation of defendant School District, and jurisdiction of the action has been retained by the court for entry of such further orders as may appear proper or appropriate to bring about the establishment of a unitary system of schools in the district.

The court's order of August 22, 1969 in Ayers permanently enjoined the defendant School District, its superintendent and member of the Board of Trustees of said District, their agents, officers, employees, successors, and all those in active concert and participation with them from discriminating on the basis of race or color in the operation of the schools of the district. The order contained specific directions for "Faculty and Staff Desegregation and Preparation".

On January 21, 1970 the court entered an order in Ayers enjoining the School District to adopt and implement the faculty and staff desegregation provisions of Singleton v. Jackson Municipal Separate School Dist., 419 F.2d 1211 (5th Cir. 1969).

Defendants have filed a motion to stay discovery in this action until such time as the court shall determine whether the action can be maintained as a class action. Defendants contend that should the court permit the action to proceed as a class action, the issues would duplicate and overlap the issues before the court in Ayers. On the other hand, should the court determine that the action is not a proper class action, the scope of permissible discovery will be substantially narrowed. The plaintiffs filed interrogatories with the complaint to be answered by defendants. The interrogatories are numerous and in some instances overlap the issues before the court in Ayers. This motion is now before the court for decision.

The plaintiffs have filed a motion to amend the complaint. The amendment will enlarge the issues in the action. The amendment charges a conduct which, if true, constitutes a violation of the Singleton provision of the court's January 21, 1970 order. This motion is also before the court for decision.

The parties have filed extensive memoranda with the court and one of the issues discussed concerns the class action status of the case.

It is apparent from what the court has said in this memorandum that the issues presented by the pleadings in the action sub judice are substantially the same as those presently before the court in Ayers.

The disposition of complaints by individuals asserting the infringement of constitutional rights by a school district already under injunctive orders of the court in a prior proceedings, presents a problem for the district court. This is true whether the complaining individuals are students, parents of students, teachers, members of the school staff, or those seeking employment by the School District. The prayer for relief in the complaint usually seeks, as in the case sub judice, preliminary as well as permanent injunctive relief.

In the action sub judice the plaintiffs seek injunctive relief, as well as back pay and other damages. The injunctive relief sought here tracks to a large extent the injunctive relief granted plaintiffs in *Ayers*.

District Courts throughout the Fifth Circuit have been confronted with problems similar to the one presented to this court in the action sub judice. If this type of litigation runs true to form, as the court is confident it will, the problem will be a recurring one.

The Fifth Circuit has considered the problem in two recent cases, Hines et al. v. Rapides Parish School Board, and Allen Nichols, Superintendent, 479 F.2d 762 (5th Cir. 1973), and Lee v. Macon City Board of Education et al., 482 F.2d 1253 (5th Cir. 1973).

In *Hines*, where the district court dismissed the complaint, Circuit Judge Morgan, speaking for the panel, said:

In resolving this appeal, this court must attempt to set out a method which allows parent groups to present their complaints about the school system which results from a desegregation order without fostering a multiplicity of new lawsuits over the same complicated and emotional issues which have already once been fought out in an all too lengthy court battle. Certainly every group must be allowed the opportunity to show the court that the desired and legally required unitary school system has not been achieved by an earlier court order. We feel that there is a simple method for achieving this desired result without undue confusion and a multiplicity of lawsuits.

.  .  .  .  .  .

[w]e feel that the proper course for parental groups seeking to question current deficiencies in the implementation of desegregation orders is for the group to petition the district court to allow it to intervene in the prior action.[1]

In *Lee*, Circuit Judge Bell, speaking for the panel, made reference to the *Hines* opinion and said:

In Hines v. Rapides Parish School Board, 5 Cir., 1973, 479 F.2d 762, we pointed out the procedure to be followed and the conditions to be met by new groups in seeking relief in ongoing school desegregation cases. The proper procedure is to petition to intervene rather than beginning a new suit. We emphasize here what was said there: The petition for intervention should contain the precise issues which the intervenors seek to present.[1]

1. We add that in such cases it would be the better practice for the district court to require a clear delineation of the contentions of intervenors as the first step in proceeding to determine the validity of the attempt to intervene or, if allowed, the merits of the claim.[2]

█ The court is of the opinion that where individuals seek relief against alleged unconstitutional discriminatory practices by a school district presently operating the schools of the district pursuant to an injunction theretofore issued by the court in an active school desegregation case, where the court has reserved the right to enter such further or additional orders as may appear proper, such individuals should not be heard in a separate proceedings but should be required to intervene in the desegregation action.

1. 479 F.2d at page 765.

2. 482 F.2d at 1254.

The plaintiffs have stated in a memorandum submitted to the court that they do not object to consolidating the action sub judice with *Ayers.* The court, however, is of the opinion that the proper manner in which the matter should be handled by the court is to dismiss the action sub judice, and permit plaintiffs to intervene in *Ayers,* where plaintiffs can present a clear and concise delineation of their contentions.

The court does not believe that the rights sought to be enforced by plaintiffs against the School District give rise to a class action. Especially this is true where the number of persons who could be involved is limited, and the complaints would not be common to all parties. Each individual's complaint will involve facts and circumstances peculiar to the individual.

Accordingly, the court will enter an order dismissing the complaint, but reserving unto plaintiffs the right to intervene in *Ayers* and file an intervention complaint therein.