Henry B. **AYERS** et al., **Plaintiffs,**

**and**

Ms. Bessie B. Givhan et al.,
**Plaintiffs-Intervenors,**

v.

The **BOARD OF EDUCATION OF** the **WESTERN LINE CONSOLIDATED SCHOOL DISTRICT** et al., **Defendants.**

No. GC 66–1–5.

United States District Court,
N. D. Mississippi,
Greenville Division.

Dec. 18, 1973.

Nausead Stewart, Anderson, Banks, Nichols & Leventhal, Jackson, Miss., for plaintiffs.

James Robertshaw, Robertshaw, Merideth & Swank, Greenville, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The plaintiff-intervenors (plaintiffs), on March 16, 1973, filed with the clerk of this court a separate action against the defendants in the action sub judice, seeking redress for certain wrongs said to have been inflicted upon them by defendants, when plaintiffs were not retained on the faculty of defendant school district in the years 1971–72 and 1972–73. Givhan, et al v. The Board of Education of the Western Line Consolidated School District, et al, No. GC 73–29–S, 363 F.Supp. 714.

After a full consideration of the matter, the court concluded that it was not proper for plaintiffs to maintain a separate action in this school desegregation case, but, that they should seek redress in the action sub judice, since the basis of their complaint was the alleged violation by defendants of the court's desegregation order entered in this action on January 21, 1973.

Accordingly, the court, on August 31, 1973, entered an order dismissing the complaint. At the same time the court granted leave to plaintiffs to seek a vindication of their rights in the action sub judice by way of intervention.

The plaintiffs are three former black teachers in the schools of defendant school district, who claim they were dismissed from the school system in violation of the *Singleton* faculty and other staff desegregation provisions [1] incorporated in the court's said order.

Plaintiffs sought to prosecute their complaint in No. GC 73–29–S as a class action consisting of "[a]ll others similarly situated, class A consists of all Black teachers who were discharged or not rehired by the defendants for the 1971–72 and 1972–73 school years as a result of racially discriminatory, arbitrary, capricious or unlawful action by the defendants, in violation of Singleton v. Jackson Municipal Separate School District, 419 F.2d 1211 (5th Cir. 1969); class B consists of all Black teachers who were discharged or not rehired by the defendants for engaging in activities protected by the First and Fourteenth Amendments to the United States Constitution."

In the Memorandum of Decision entered in No. GC 73–29–S, as a result of which the action was dismissed and plaintiffs were given the right to intervene in this action, the court said:

> The court does not believe that the rights sought to be enforced by plaintiffs against the School District give rise to a class action. Especially this is true where the number of persons who could be involved is limited, and the complaints would not be common to all parties. Each individual's complaint will involve facts and circumstances peculiar to the individual.

The plaintiffs seek to prosecute the intervention-complaint in the action sub judice as a class action following the pattern proposed by them in No. GC 73–29–S. The defendants have moved the court to strike all allegations of class representation which are contained in the intervention-complaint.

The plaintiffs charge that the defendant school district violated the *Singleton* provisions of the court's order aforesaid, by refusing to retain them in the system

---

1. Singleton v. Jackson Municipal Separate School District, 419 F.2d 1211 (5th Cir. 1969).

for the years in question. There are probably ten other black teachers who were not retained in the system by defendant school district during the years in question.

It appears to the court that the rights of each such teacher may well be governed by a factual situation not common to that of others. The number involved is small, and each teacher who has a grievance against the school district has a forum in the action sub judice in which to enforce any right which he or she may have. The class is not such, in the judgment of the court, as meets the prerequisites of Rule 23, F.R.Civ.P.

The court will enter an order determining that the action may not be maintained as a class action, and sustaining defendants' motion to strike.

This action of the court does not, however, dispose of the right of plaintiffs to have defendants answer the interrogatories which have been propounded to them by plaintiffs.

The motion of defendants to stay discovery will be overruled.

An appropriate order will be entered.