Pearlie SCOFIELD, Plaintiff,

v.

**BOARD OF TRUSTEES OF LEE COUN-TY et al., Defendants.**

No. EC 74–93–K.

United States District Court,
N. D. Mississippi, E. D.
Jan. 28, 1975.

Kenneth Mayfield, Tupelo, Miss., for plaintiff.

Jeremy J. Eskridge, Tupelo, Miss. ,for defendants.

## MEMORANDUM ORDER

KEADY, Chief Judge.

The court has before it for determination the maintainability of the above suit as a class action under Rule 23(c), F.R.Civ.P. The defendants have moved to dismiss the case as a class action and also for a protective order limiting the scope of discovery sought by plaintiff's interrogatories. After review of the pleadings, affidavits and other evidentiary materials on file, the court holds, for reasons that follow, that the motion to dismiss the class action is well taken and should be sustained. The court also concludes that the motion for protective order to limit interrogatories, other than to the extent defendants have already filed answers, should be sustained.

The named plaintiff, Pearlie Scofield, a black resident of Shannon, Mississippi, sues the defendant Trustees of the Lee

County Board of Education and the Lee County Superintendent of Education. Invoking federal jurisdiction under the federal civil rights statutes and the Constitution, plaintiff alleges that she was unlawfully, because of her race, dismissed as a teacher at the Saltillo Day Care Center, a public institution under defendants' control which serves children of pre-school age. Plaintiff seeks to maintain suit on her own behalf and also as a class action "in behalf of all other Black teachers who have been denied employment or dismissed from the Saltillo Day Care Center and Black teachers who have been denied employment, dismissed from employment, or demoted in the Lee County School District as a result of discriminatory practices by the defendants." (Complaint, ¶ 5). The plaintiff alleges in her complaint only the stock phrase that "the members of the class on whose behalf plaintiff sues are so numerous as to make it impracticable to bring them before the court." Plaintiff does not demonstrate that any other black teacher, named or unnamed, has been the victim of racially discriminatory practices by defendants. Although given full opportunity, plaintiff has failed to identify, either by affidavit or otherwise, other blacks alleged to be adversely affected in school employment by defendants, and failed to provide any factual material to enable the court to judge the propriety of maintaining the case as a class action.

The defendants challenge the existence of Rule 23(a) prerequisites, specifically the requirements of numerosity of the class and commonality of issues. Since we sustain the defendants' Rule 23(a) contentions, it is unnecessary to reach alternative arguments based upon Rule 23(b)(2) and (3).

The affidavits and interrogatory answers provided by defendants disclose the essential facts to be as follows:

Plaintiff Scofield was employed at the Day Care Center for approximately 6 months, from January 2 to June 30, 1973, when her contract of employment expired and was not renewed. The Day Care Center has had a small faculty: 7 teachers (4 white, 3 black) for 1972–73; 5 teachers (3 white, 2 black) for 1973–74; and 4 teachers (2 white, 2 black) for 1974–75. During these years, no Day Care Center teacher of either race was discharged during the period of employment; and only Scofield was not awarded a new employment contract contrary to the teacher's desire.

In addition to the Day Care Center, defendants employ teaching personnel at seven county educational attendance centers at Belden, Guntown, Mooreville, Plantersville, Saltillo, Shannon and Verona. From January 1972 to the present date, only two black teachers at these other educational centers have not been offered new teaching contracts. In both cases, the teachers were not offered a new contract of employment when their principals failed to recommend them. One dismissed teacher, who had taught at Belden less than a full school year, is separately represented by an attorney of his choice and has contacted the Equal Employment Opportunity Commission with respect to his dismissal. The other dismissed teacher, who had taught at Shannon, obtained an attorney of her choice and pursued her remedies under the Mississippi Fair Dismissal Act. This procedure resulted in extensive findings of fact and conclusions of law adopted by the Board of Education, with a decision that the involved teacher not be granted a new contract. No appeal was taken under the Mississippi statute on behalf of this teacher.

Prior to 1972, three black teachers caused complaints to be filed with the Department of Health, Education, and Welfare; in September 1968, HEW representatives investigated certain contract complaints and determined that there was no basis for the complaints. In 1969 representatives of HEW again

responded to complaints to reemploy three black teachers and concluded that race was not a factor in their dismissal. It further appears that in 1970 HEW administrative proceedings involving the Lee County School Board determined that the affirmative action adopted by defendants to employ or offer employment to members of the minority race who had been dismissed and the establishment of new recruitment procedures complied with Title VI of the Civil Rights Act. The administrative proceedings were thus terminated favorably to the defendants on May 6, 1970.

Excluding plaintiff Scofield, no more than 8 blacks, from 1968 to date, have been terminated as teachers by the defendants; presumably, these 8 persons would have complaints of racial discrimination generally comparable to that of the named plaintiff. It is apparent that the size of the purported class is not so great that joinder of all members is impracticable, a requirement which is a basic element of a class action. Although there is no definite standard as to what size class satisfies Rule 23(a)(1), there is abundant authority to the effect that classes containing not more than 25 persons are too small to satisfy the numerosity requirement. 7 Wright & Miller, Federal Practice & Procedure, § 1762 at 596–97. In Holly Springs Funeral Home, Inc. v. United Funeral Service, Inc., 303 F.Supp. 128 (N.D.Miss.1969), we held that where the members of the class were probably not more than 10 and at the very most 12, the number was insufficient to qualify as a class action. In two cases of former teachers affecting the same school district, Judge Orma R. Smith held a class action was not maintainable where the plaintiffs were able to show that only 3 teachers were members of the purported class. Givhan v. Board of Education of Western Line Consolidated School District, 363 F. Supp. 714 (N.D.Miss.1973); Ayers v. Board of Education of Western Line

Consolidated School District, 61 F.R.D. 414 (N.D.Miss.1973). Similarly, in Bonner v. Texas City Independent School District of Texas City, Texas, 305 F.Supp. 600, 616 (S.D.Tex.1969), the court rejected a class action sought to be maintained by a black teacher alleging his non-rehire was racially motivated where the size of the class did not exceed 5. In a reasoned opinion, Judge Noel stated:

"Rule 23(a)(1), F.R.Civ.P., specifies as a prerequisite to a class action that: 'One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable'. This prerequisite is not met here. The only Negro teachers not rehired by defendants for the 1965–1966 school year other than plaintiff were Mrs. Hall, Mr. Niles, Miss Rice, and Mrs. Randall. The total class thus could number no more than 5 persons. Seventeen potential class members were held too few in DeMarco v. Edens, 390 F.2d 836 (2d Cir. 1968). Sixteen were held to few in Giordano v. RCA, 183 F.2d 558 (3d Cir. 1960). Ten were held too few in Association for Preservation of Freedom of Choice, Inc. v. Wadmond, 215 F.Supp. 648 (S.D.N.Y.1963). Seven were held too few in Thaxton v. Vaughan, 321 F.2d 474 (4th Cir. 1963). *See also* Smith v. Board of Educ., 365 F.2d 770, 778 (8th Cir. 1966)."

The size of the class being demonstrably small, and no showing having been made as to the impracticability of joinder, or of other countervailing circumstances, we hold that plaintiff Scofield has failed to satisfy the numerosity requirement of Rule 23(a)(1).

■ Moreover, our conclusion to disallow the class action is buttressed by the realization that the rights of each teacher may well be governed, predominantly if not wholly, by a factual situa-

tion which is unique and not shared by others. As stated in *Ayers*:

> "[T]he rights of each such teacher may well be governed by a factual situation not common to that of others. . . . each teacher who has a grievance against the school district has a forum in the action sub judice in which to enforce any right which he or she may have." 61 F.R.D. at 416.

The likelihood of disparate claims is here particularly evident since in the pre-1972 cases HEW gave careful scrutiny to each claim of racial discrimination, making diverse determinations in the course of the administrative proceedings. On two occasions when HEW suggested that a serious question of racial discrimination might exist, the defendants responded by offering reemployment to the affected teachers. By 1970, HEW's administrative proceedings terminated with an affirmative finding that the defendants had effectively achieved a unitary school system in all aspects of school operation, including professional staff. Since the dismissals of the 8 other teachers occurred over a 7-year period and involved teaching positions at different schools within the district, it seems improbable that there might be genuine questions of law or fact common to the purported class. We agree that the bare cry of racial discrimination, alone, is not sufficient to present a claim of commonality of issues, particularly where the class-action litigation is aimed at the employment practices of defendants operating a unitary school district during the period under judicial scrutiny. The second requirement of commonality, imposed by Rule 23(a)(2), has, therefore, not been satisfied by the plaintiff Scofield. Finding it unnecessary to inquire further into the requisite elements of Rule 23, we hold that the named plaintiff may prosecute her individual claim only, and not on behalf of a class.

Defendants, originally, sought a protective order under Rule 26(c) to defer answering all interrogatories propounded to them by plaintiff until the court first ruled upon the class action issue. Plaintiff's interrogatories sought to elicit broad, detailed, and across-the-board data of the defendants' school employment policies, comprehensive statistics from 1967 to the present date regarding the hiring, promotion, demotion, and evaluation procedures for teachers, administrative staff, and information relating to practically all aspects of school operation. Subsequently, defendants answered certain of plaintiff's interrogatories, supplying relevant information concerning teachers employed since 1972 and other data relevant to the time span that plaintiff Scofield was employed at the Day Care Center. Defendants' answers to these interrogatories, thus limited, have not only enabled the court to address the class action issue with understanding, but also are an adequate response to the named plaintiff's right of discovery under Rule 33. The objections of burdensomeness and confidentiality raised by defendants as to the unanswered interrogatories appear to be well taken. This holding is quite proper where the plaintiff Scofield has failed to demonstrate a need for the further information to prosecute her individual claim. Plaintiff's reliance upon our decision in Word v. International Minerals and Chemical Corp., EC 72–73–K (unreported), is misplaced. In *Word*, a single plaintiff charging racial discrimination in a Title VII action was allowed broad across-the-board discovery under Rule 33. The order upholding such discovery was entered to enable the court to determine whether there was a factual basis for maintaining the suit as a class action, apparently there being a supportable basis for a Rule 23 action.[1]

1. In the subsequent evidentiary hearing in *Word* on the class action issue, the court ruled against the named plaintiff's request to maintain his suit as a class action.

Here, it is now manifestly clear that no more than individual relief can be granted—a conclusion reached by us on the basis of adequate factual material supplied by the defendants and uncontroverted by plaintiff Scofield. Under these circumstances, plaintiff Scofield may not routinely invoke the broad scope of discovery accorded to a putative class-action plaintiff. Since defendants supplied the factual material sought by interrogatories reasonably relevant to the issues remaining in the individual suit, defendants are, until otherwise ordered, relieved from making further answer to plaintiff's interrogatories. This ruling is, of course, without prejudice to plaintiff's ability to show a particularized need for additional factual material in defendants' possession which is germane to her own case.

It is unnecessary for us to reach the question of whether the principle of Burns v. Thiokol Chemical Corp., 483 F. 2d 300 (5 Cir. 1973), which allows a named plaintiff, in support of his individual claim, to have broad discovery of the employer's alleged overall pattern of discriminatory conduct. The *Burns* Court was confronted with a Title VII action instituted against a private employer whose challenged conduct had been unregulated by public authority. Here, as with virtually all public school districts in Mississippi, the public employer has been subjected to close scrutiny, by federal agency or federal courts, in the implementation of racially nondiscriminatory hiring practices of professional staff. As noted, the defendants in the case sub judice have had their employment policies and practices thoroughly aired before a federal administrative agency; in other cases, school districts have been under injunctive orders by federal courts to effectuate employment of teachers on a racially nondiscriminatory basis. Whether or not a distinction should exist between requiring a public school district to disgorge complete information regarding its personnel, routinely, at the election of a single plaintiff, and requiring such disclosure of a private employer where appropriate, is an issue which we reserve for a proper case.

It is ordered that the complaint be dismissed as a class action and plaintiff Scofield allowed to proceed on her own behalf. Defendants' objections to the unanswered interrogatories are sustained.