Lena STRANGE and A. D. Jackson, and all others similarly situated, Plaintiffs,

v.

The BOARD OF EDUCATION OF the GREENVILLE MUNICIPAL SEPA-RATE SCHOOL DISTRICT et al., Defendants.

No. GC 75–79–S.

United States District Court,
N. D. Mississippi,
Greenville Division.

Nov. 13, 1975.

James O. Ford, Tupelo, Miss., for plaintiffs.

Eugene M. Bogen, Bogen & Bogen, Greenville, Miss., James A. Becker, Jr., Watkins & Eager, Jackson, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

By way of defendants' motion to dismiss class action and plaintiffs' motion for class action determination, the issue of the propriety of the maintenance of this cause as a class action is now before the court.

The named plaintiffs in this case are two former teachers in the Greenville Municipal Separate School District who, in their complaint, allege that their employment was terminated by defendants solely because of their race. Plaintiffs now seek to represent a plaintiff class in the action which they propose to define as follows:

All black teachers or teacher aides who have been arbitrarily and capriciously demoted and replaced by whites; all black teachers or teacher aides who have been arbitrarily and capriciously dismissed and replaced by whites; and, all blacks who have been denied employment by defendants because of their race.

■ Defendants oppose the plaintiff class proposed by plaintiffs and, as a matter of fact, oppose the maintenance of the cause as a class action entirely. Defendants argue that the class aspect of the plaintiffs' claim should be dismissed as a sanction for plaintiffs' failure to comply with the local rule of this court which requires the timely filing of a motion to maintain as a class

action by plaintiffs in suits of this sort. While defendants' contention that plaintiffs have failed to comply with the court's rule may, in some respects, be well taken, the court is of the opinion that dismissal of the class action aspects of the case as a sanction is not here warranted. In any event, it is incumbent upon the court to determine the maintainability of the suit as a class action, *sua sponte*, if necessary. *Rodriguez v. East Texas Motor Freight*, 505 F.2d 40, 50 (5th Cir. 1974).

 Defendants also challenge the propriety of the maintenance of this cause on behalf of the plaintiff class on the ground that the numerosity requirement of Fed.R. Civ.P. 23(a)(1) has not and cannot be satisfied by plaintiffs. However, it is unnecessary to determine the merits of this contention since the court has concluded that the complaint in this cause should be treated as a motion to intervene in *Edwards v. Greenville Municipal Separate School District*, Civil Action No. GC 70–8–S, pursuant to Fed.R.Civ.P. 24(c).

The court has previously been confronted with a situation similar to that presented in the case at bar in *Givhan v. Board of Education of Western Line Consolidated School District*, 363 F.Supp. 714 (N.D.Miss.1973). In *Givhan*, three former teachers brought suit against the defendant school district seeking reinstatement in their former positions. The school district there had previously been the respondent in a desegregation case, *Ayers v. Western Line Consolidated School District*, 404 F.Supp. 1225, in which the court had granted injunctive relief which included the adoption and implementation of the faculty and staff desegregation provisions of *Singleton v. Jackson Municipal Separate School District*, 419 F.2d 1211 (5th Cir. 1969). Because the plaintiffs in *Givhan* were already members of the class in *Ayers*, the court dismissed the complaint in *Givhan* and required the plaintiffs to intervene in *Ayers*.

This case is now in a posture similar to that of *Givhan* and the court feels the procedure followed there should be adhered to in this case with the exception that rather than dismissing plaintiffs' complaint, the court believes it would be more proper to simply treat the complaint in this case as a motion to intervene in the *Edwards* case.

 There is also pending in this case a motion to stay discovery pending the court's determination of the class issue. Insomuch as a large number of the interrogatories which are the subject of this motion seek information relative to the class aspects of the case, the court feels the motion to stay should be granted. However, the sustaining of the motion will be without prejudice to plaintiffs to file interrogatories in their suit in intervention in *Edwards*, said interrogatories to relate only to the claims of the two named plaintiffs, but may seek to elicit information concerning discharges or disciplinary procedures of other employees of the defendant school district providing such are relevant to the claims of the individual named plaintiffs.