Cornell BISHOP et al., Plaintiffs,

v.

UNITED STATES STEEL CORPORA-
TION et al., Defendants.

No. 75–1175C(2).

United States District Court,
E. D. Missouri, E. D.

July 29, 1977.

Arnold T. Phillips, Jr., Clayton, Mo., for plaintiffs.

S. G. Clark, Jr., Pittsburgh, Pa., Paul S. Kuelthau, Moller, Talent, Kuelthau, Dowell & Fisher, St. Louis, Mo., for United States Steel Corp.

John Goffstein, Bartley, Goffstein, Bollato & Lange, Clayton, Mo., and Carl B. Frankel, Pittsburgh, Pa., for defendant United Steelworkers of America, Local 1622.

## MEMORANDUM

REGAN, District Judge.

This matter is before the Court upon the motion of both defendants, United States Steel Products Corporation (the Company) and the United Steelworkers of America, Local 1622 (the Union), to strike the class action allegations from the plaintiffs' complaint.

The plaintiffs, Cornell Bishop and Roy Petty, both black employees, allege that the defendants have engaged in employment practices which discriminate against them because of their race. Both plaintiffs have filed charges with the Equal Employment Opportunity Commission, have obtained letters to sue from that Commission, and have petitioned the Court for relief under 42 U.S.C., Section 2000e *et seq.* The plaintiffs further allege in their petition that they represent a putative class of black persons who have been discriminatorily affected by employment practices of the defendant Company and Union.

Both plaintiffs have attached a copy of their charges with the EEOC to the complaint. Mr. Bishop contends that United States Steel discriminates against blacks as a class in hiring, in educational opportunities, and in discharge policies. Mr. Petty alleges that his layoff was caused because of discriminatory treatment and that blacks are prevented from obtaining higher level positions. The plaintiffs do not disclose how many unnamed members comprise this class. The complaint only provides that "there are questions of law and fact common to the Class; the Class is so numerous that joinder of all members is impracticable . . . .". Both defendants have represented to this Court that the maximum membership in this class must be twenty one. This figure comprises all the black employees of the total employment of sixty one at the St. Louis facility.

■ Rule 23(a), Federal Rules of Civil Procedure, provides that one or more members may sue as representatives of a class only if (1) the class is so numerous that joinder of members is impracticable, (2) there are common questions of law and fact to the class, (3) the claims of the representatives are typical of the class, and (4) the representative will adequately protect the interests of the class. Since the plaintiffs allege that a class exists, the burden rests on those parties seeking to use the class action device to establish their right to do so. *Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir. 1976), *Wright v. Stone Container Corp.*, 524 F.2d 1058 (8th Cir. 1975).

■ Rule 23(a)2 requires that the plaintiffs demonstrate that other members of their putative class share common questions of law or fact. This requirement imposes upon the plaintiffs the burden to show that all class members must be victims of discriminatory employment practices or a common question will not be found. Plaintiffs allege in their complaint that the class consists of "black persons who are employed or might be employed and black persons who have been discriminatorily discharged or refused hire by the Company at its St. Louis facility." The plaintiffs have not provided any other facts to support their contention that other blacks have suffered employment discrimination from either defendant. However, in response to defendants' interrogatory which requested the names of all persons claiming to be aggrieved by employment practices of United States Steel Products the plaintiffs offered only their own names.

This Court finds that the only facts of a common question are presented in each of the complaints filed with the EEOC. The plaintiffs have only alleged two acts of discriminatory treatment and admit that they only know of those two. They have alleged no facts tending to show that the defendants have engaged in similar practices with respect to other black employees. This Court has reviewed the pleadings, the

affidavits, and the responses to the interrogatories and has determined that the plaintiffs have not carried their burden of showing that other black employees have suffered or continue to suffer some employment discrimination. Based upon the bare allegations that the plaintiffs have provided, this Court must conclude that the common questions of fact or law do not exist and plaintiffs' class cannot proceed. *Fernandez v. Avco Corp.*, 14 F.E.P. 1004 (D.Conn., 1977); *Scofield v. Board of Trustees of Lee County*, 65 F.R.D. 595 (N.D. Miss., 1975); *Mason v. Calgon Corp.*, 63 F.R.D. 98 (W.D.Pa., 1974).

Rule 23 also requires that the plaintiffs demonstrate that the members in their class are so numerous that joinder of all of them cannot be achieved. The plaintiffs have defined their class as "all [black persons] who have been and continue to be, or might be, adversely affected by the practices complained of herein." The complaint further provides that "the class is so numerous that joinder of all members is impracticable." Although the plaintiffs do not need to state the exact number of the members of the class, they are required to provide this Court with an adequate description. It is widely recognized that the plaintiffs must adequately define the size of the putative class they purport to represent before the Court can allow them to be certified as representatives. *Peltier v. City of Fargo*, 20 F.R.Serv.2d 80 (D.N.D., 1975); *Werfel v. Kramarsky*, 61 F.R.D. 674 (S.D.N.Y., 1974)

Additionally, the plaintiffs have not demonstrated that joinder of all the class members is impracticable. As pointed out above, the pleading does not disclose an ascertainable class size. However, the defendants, in their respective motions have stated that of the sixty-one employees at the St. Louis facility only twenty-one (including the plaintiffs) are black. The plaintiffs have not contended that this small group is not capable of joinder.

Alternatively, the defendants also argue that the class the plaintiffs seek to represent has already been granted injunctive and declaratory relief. Both defendants affirmatively raise the Consent Decree in *U. S. v. Allegheny Ludlum Industries, Inc.*, (N.D.Ala., 1974) into which they entered as parties. That Decree provided that all signatory steel plants and unions awarded $30.94 million in back pay and consented to continued monitoring of new seniority rules and employment practices in exchange for a release of all employment discrimination allegations prior to April 12, 1974 by minority and female employees. The District Court of the Northern District of Alabama supervises the Decree by maintaining continued jurisdiction over the defendant employers and unions. Thus, this Court must conclude that the class of black persons the plaintiffs seek to represent has been provided relief already. Nor have the plaintiffs shown that the present employees at the United States Steel Products Company have not released their claims with the defendants as the *Allegheny Ludlum* Consent Decree provided.

Therefore, this Court finds that the plaintiffs have failed to show that a sufficient number of class members exist to certify them as class representatives. Having found that the plaintiffs cannot proceed as class representatives, the defendants' separate motions to strike the class action allegations are hereby granted. Furthermore, the defendant Company is excused from answering those Interrogatories and those parts of the Notice to Produce which relate only to the class allegations.