**William R. INGRAM, Plaintiff,**

v.

**JOE CONRAD CHEVROLET, INC., et al., Defendants.**

**Civ. A. No. 80–53.**

United States District Court, E. D. Kentucky.

April 28, 1981.

---

Keith D. Baker, William L. Davis, and John R. Leathers, Lexington, Ky., for plaintiff.

Gardner L. Turner, Lexington, Ky., for GMAC.

Taft A. McKinstry, Lexington, Ky., for Joe Conrad Chev.

## MEMORANDUM OPINION AND ORDER

REED, District Judge.

This is an action concerning alleged violations of the Truth-in-Lending Act (TILA). On April 4, 1980, William R. Ingram filed a complaint alleging that Joe Conrad Chevrolet (JCC) and General Motors Acceptance Corporation (GMAC) violated the TILA in eight separate ways. See Plaintiff's *Complaint* at 4–5.

There are three motions currently pending before this Court. They are 1) the plaintiff's motion for class action certification, 2) GMAC's motion to file a counterclaim, and 3) the defendants' motion to strike.

■ The prerequisites to a class action are that 1) the class is so numerous that joinder of all members is impracticable, 2) there are questions of law or fact common to the class, 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and 4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). A class action also must fall into at least one of the categories designated in Fed.R.Civ.P. 23(b).

■ The Court must consider a variety of factors in determining whether the numerosity requirement has been met. The number of parties involved, the inexpediency of their joinder, and the inconvenience of trying individual suits all must be considered. The plaintiff asserts that there are approximately 1,100 class members. See Plaintiff's *Motion for Class Action Certification* (Plaintiff's Motion). Defendant GMAC does not challenge plaintiff's contention of the size of the class. See Defendant GMAC's *Brief in Opposition to Plaintiff's Motion for Class Certification* (GMAC's Brief in Opposition). Defendant JCC's only comment on the numerosity of the class is a reference to plaintiff's motion for joinder of party-plaintiffs. *See Brief of Defendant, Joe Conrad Chevrolet, Inc. in Opposition to Plaintiff's Motion for Class Certification* (JCC's Brief in Opposition) at 7. That motion, now withdrawn, originally was made for consideration in the event class certification was denied. See Plaintiff's *Motion for Joinder of Party-Plaintiffs*. The Court need not decide now whether the plaintiff's motion for joinder of party-plaintiffs was well-taken. The present issue is whether joinder is impracticable. The record before the Court adequately demonstrates that numerosity has been shown. The exact number of class members is not known. The

plaintiff, however, has adequately described the class. See *Bishop v. United States Steel Corp.*, 76 F.R.D. 400, 402 (E.D.Mo.1977).

■ The next requirement is that there are questions of law or fact common to the class. Fed.R.Civ.P. 23(a)(2). The plaintiff's motion for class certification and the arguments at the hearing before the Court on January 16, 1981 provide an adequate basis for concluding that the commonality requirement has been satisfied. Both defendants have stated that a form similar or identical to that used by the plaintiff has been in use for many years. See *Response of Defendant, General Motors Acceptance Corporation, to Plaintiff's Request for Admissions and Interrogatories* (GMAC's Response) at 6 and *Response of Defendant, Joe Conrad Chevrolet, Inc. to Plaintiff's Request for Admissions and Interrogatories* (JCC's Response) at 8. Each alleged violation of the TILA is a question common to all class members. Defendant GMAC apparently does not contest certification on the grounds of commonality. Defendant JCC does raise several issues under Fed.R. Civ.P. 23(a)(2), i. e. the necessary factual determination of whether each purchase was a consumer or business transaction and the determination of plaintiff's liability on GMAC's counterclaim. See *JCC's Brief in Opposition* at 7–8. The Courts note that it is not required that all questions of law or fact be common to class members. See *Like v. Carter*, 448 F.2d 798, 802 (8th Cir. 1971). Much of defendant JCC's argument is more properly addressed to the requirement of Fed.R.Civ.P. 23(b)(3) that questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

Plaintiff has asserted that his claims are typical of those of class members. "Any inquiry into typicality under Rule 23(a)(3) requires a comparison of the claims or defenses of the representative with the claims or defenses of the class." *Taylor v. Safeway Stores, Inc.*, 524 F.2d 263, 270 (10th Cir. 1975). The representative's claims need not be substantially identical to those of the absent class members. Variations in fact patterns, defenses, or damages are not necessarily fatal to a motion for class certification. See generally 7 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* Section 1764 (1972). The contracts used by the 1,100 purchasers were similar to that signed by William Ingram. See *GMAC's Response* and *JCC's Response*. The only substantial argument against the plaintiff on the issue of typicality is the counterclaim of GMAC for default. The plaintiff's claim is typical of the absent class members, with the possible exception of GMAC's counterclaim. A counterclaim against the class representative and some, but not all, class members need not destroy typicality. See *Oneida Indian Nation of Wis. v. State of N.Y.*, 85 F.R.D. 701 (N.D.N.Y.1980). The discussion of the counterclaim is reserved until the Court's consideration of GMAC's motion to file the counterclaim.

The last general prerequisite to any class action is that the representative will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a)(4). Since the actions of the representative in pursuing the lawsuit bind absent class members, the requirement of adequate representation involves fundamental fairness and due process. See *Hansberry v. Lee*, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940); *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555 (2d Cir. 1968).

There are two criteria for determining the adequacy of class representation: 1) whether the representative has interests in common with the unnamed members of the class and 2) whether the representative, through qualified counsel, will vigorously pursue the goals of the class. *Senter v. General Motors Corp.*, 532 F.2d 511, 524–525 (6th Cir. 1976). The analysis of whether these criteria have been satisfied can be done by looking at a variety of factors.

The representative here has interests in common with the absent class members. This action is essentially one of statutory interpretation, particularly since the defendants have admitted that substantially similar contracts were used by all class members. The issue of the counterclaim is

again reserved. One potential conflict is that the more people included in the class, the smaller the representative's potential award. The plaintiff already has foregone a recovery of $1,000 which is almost certainly greater than that which he may eventually receive as a member of a class. See GMAC's *Offer of Judgment.* This, combined with the representative's proposed definition of the class, convince the Court that no attempt will be made to raise plaintiff's potential recovery by unduly limiting the size of the class. The Court also notes that the issues of liability and the total amount to be awarded to the class can be separated from the issue of individual claims. Fed.R.Civ.P. 23(c)(4)(A); *Senter v. General Motors Corp., supra,* at 525 n. 32.

One of the factors to be considered in evaluating the adequacy of representation is the competence of the legal counsel acting on behalf of the class. Experience, and professional ability are the components of that competence. The plaintiff's attorneys are well-versed in class action litigation, and two of them have specialized in bringing TILA cases. See *Cross v. National Trust Life Ins. Co.,* 553 F.2d 1026 (6th Cir. 1977). The counsel for the plaintiff also have demonstrated satisfactory ability, particularly in oral argument. See *Dolgow v. Anderson,* 43 F.R.D. 472, 496 (E.D.N.Y. 1968), rev'd on other grounds 438 F.2d 825 (2d Cir. 1970).

The personal or financial interest of the representative should be considered in determining whether representation is adequate under Fed.R.Civ.P. 23(a)(4). A small financial interest, however, should not be determinative, especially when, as here, the possibility of a class, rather than an individual, recovery is a motivating force behind the prosecution of the action. See *Eisen v. Carlisle & Jacquelin, supra; Dolgow v. Anderson, supra ;* see generally 7 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* Section 1767 (1972). The plaintiff has demonstrated ample interest in vigorously pursuing this action. The plaintiff has not accepted the defendant's offer of judgment and has testified to his desire to seek relief on behalf of the class rather than as an individual.

The plaintiff must have sufficient means to pay the expenses of prosecuting this class action. Although serious questions have been raised on this issue, the Court presently is satisfied that the plaintiff can maintain a class action. The Court notes that if financial difficulties impair the plaintiff's ability to conduct this suit as a class action, the class may be decertified. See *Hochschuler v. G. D. Searle & Co.,* 82 F.R.D. 339 (N.D.Ill.1978); Fed.R.Civ.P. 23(c)(1). The plaintiff is an adequate class representative.

The plaintiff asserts that this action is properly a class action under Fed.R.Civ.P. 23(b)(1)(B), 23(b)(2) and 23(b)(3). See Plaintiff's *Complaint* at 2. Rule 23(b)(1)(B) requires that:

> the prosecution of separate actions by or against individual members of the class would create a risk of ... adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

The plaintiff has not explicitly relied on any specific theory to support the contention that this action properly may be maintained as a class action under Fed.R.Civ.P. 23(b)(1)(B). The plaintiff apparently relies on the idea that a decision on an individual TILA claim against the defendants effectively would preclude or impair other similarly effected individuals from pursuing a later, independent action. This is not a sufficient reason to maintain a class action under Fed.R.Civ.P. 23(b)(1)(B). See especially *Rodriguez v. Family Publications Serv., Inc.,* 57 F.R.D. 189 (C.D.Cal.1972); see *LaMar v. H & B Novelty & Loan Company,* 489 F.2d 461 (9th Cir. 1973); *Goldman v. First Nat. Bank of Chicago,* 56 F.R.D. 587 (N.D.Ill.1972).

The plaintiff also has made a conclusory assertion that a class action is maintainable here under Fed.R.Civ.P. 23(b)(2). That provision of Rule 23 requires that, "the party

opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." In order to bring a proper class action under this provision, final injunctive or declaratory relief must be requested against the parties opposing the class. See 7A C. Wright & A. Miller, *Federal Practice and Procedure: Civil* Section 1775 (1972). No such request has been made. Even if such a request is inferred from plaintiff's action, class certification would not be appropriate here. This action primarily seeks money damages. See *Eisen v. Carlisle & Jacquelin, supra.*

A class must be certified here, if at all, in accordance with the requirements of Rule 23(b)(3). Under this provision, a class action may be maintained if, *inter alia,*

> the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action. Fed.R.Civ.P. 23(b)(3).

The primary issue here is whether or not the contract used by the defendants violates the TILA. This central issue, substantially similar for all class members, dwarfs the other, individual questions in this litigation. The more peripheral issues include whether or not the credit was extended for business or personal use and the counterclaim. It currently appears that a group of claimants, sufficiently numerous for class action treat-

ment, exists in this case. The separation of the credit purchasers into business and personal use categories properly may await the determination of liability and damages, if any. The counterclaim will be discussed later. The common questions predominate over the individual questions.

The only plausible alternative to a class action by which this dispute could be resolved is to require that claimants pursue individual actions. This would require a massive duplication of effort. The gravamen of every complaint would be the same, violations of the TILA. The named plaintiff is an adequate class representative. There does not appear to be any valid interest in the conduct of separate lawsuits. See Fed.R.Civ.P. 23(b)(3)(A). A class action is both fairer and more efficient than individual suits. The primary analysis is of the predominance of common over individual questions and the superiority of class action treatment. The conclusions reached by this analysis, however, may be confirmed by a consideration of the four factors enumerated in Rule 23(b)(3). The Court notes that this list is not exhaustive. Proposed Rules of Civil Procedure, 39 F.R.D. 69, 104 (1966); *Kamm v. California City Development Company,* 509 F.2d 205 (9th Cir. 1975).

The interest of class members in individually controlling the prosecution of separate actions may be determined by considering the number of other suits filed, the number of intervenors in this action, and the practical likelihood that individual action would be filed. The Court is unaware of any parallel individual actions. See Fed.R.Civ.P. 23(b)(3)(B). No requests for intervention have been made. The relatively small individual recovery provided by the statute is unlikely to generate many individual claims, even though attorneys fees may be awarded. 15 U.S.C. Section 1640(a).

This Court is a desirable forum for the litigation of these claims. Fed.R.Civ.P. 23(b)(3)(C). This determination is the result of a consideration of two factors. These are: whether or not the current forum 1) will prevent the duplication of effort and the possibility of inconsistent results

and 2) is an appropriate place to settle the controversy. See generally 7A C. Wright & A. Miller, *Federal Practice and Procedure: Civil* Section 1780 (1972). Numerous repetitions can be avoided by class certification, as noted above, and the danger of varying decisions of whether or not the TILA has been violated can be eliminated.

One of the defendants and probably the majority of the class members are within a short distance of this Court. The TILA is a federal statute, designed to remedy credit disclosure problems on a nationwide basis. The United States District Court for the Eastern District of Kentucky at Lexington is the best forum in which to litigate these claims.

The final factor specifically mentioned in Rule 23(b)(3) is the difficulty of managing this class. The class is substantial in number, but is not so large as to be unwieldy. Communication with the class will not be unduly burdensome. Also, the administrative problems of class treatment must be viewed in the light of the alternative of perhaps many separate trials. The Court also has broad supervisory powers under Rule 23(d). The class is manageable.

Defendant GMAC has tendered a counterclaim against William Ingram. This counterclaim matured after the filing of GMAC's answer and is governed by the provisions of Rule 13(e). GMAC's *Motion to File Counterclaim.* There is apparently a split among the authorities on whether a counterclaim for default in a TILA case is a compulsory or a permissive counterclaim. *Reply to GMAC's Motion to File Counter Claim.* This Court need not decide this question. The counterclaim here matured after the service of GMAC's pleading and is thus not a compulsory counterclaim. See Fed.R.Civ.P. 13(a), 13(e). The defendant is not barred from asserting this claim in another forum. Allowing the counterclaim to be served would complicate this action unduly, particularly since GMAC's counterclaim was tendered more than six months after the plaintiff had moved for class certification.

On January 26, 1981, the defendants filed a motion to strike the affidavits of Reginald Leonard Thomas and Richard R. Melville which are in support of the plaintiff's motion for class certification. These affidavits were filed on January 16, 1981, the date of a hearing before this Court on, *inter alia*, the issue of class certification. There is no certificate of service on these affidavits, although they were served on the defendants. Defendants' *Motion to Strike.* There is a technical violation of Rule 6(d). The defendants, however, raised the issue of the expense associated with the notification of a class at the hearing and have had ample opportunity to file opposing affidavits.

IT IS THEREFORE ORDERED:

(1) That a class of all consumers who purchased automobiles from Joe Conrad Chevrolet, Inc. in a credit transaction financed through General Motors Acceptance Corporation using a contract substantially similar to that used by William R. Ingram, on or after April 4, 1979 is hereby CERTIFIED;

(2) That the motion of GMAC to file a counterclaim is hereby DENIED;

(3) That the motion of defendants GMAC and JCC to strike the affidavits of Reginald Leonard Thomas and Richard R. Melville is hereby DENIED.